**William Duane ELLEDGE,**
**Petitioner–Appellant,**

v.

**Richard L. DUGGER,**
**Respondent–Appellee.**

No. 86–5120.

United States Court of Appeals,
Eleventh Circuit.

Nov. 10, 1987.

Richard L. Jorandby, Public Defender, Craig S. Barnard, Chief Asst. Public Defender, W. Palm Beach, Fla., Richard H. Burr, III, New York City, for petitioner-appellant.

Robert A. Butterworth, Atty. Gen., Penny H. Brill, Robert L. Bogen, Richard Bartman, Asst. Attys. Gen., W. Palm Beach, Fla., for respondent-appellee.

Before RONEY, Chief Judge,
HATCHETT and EDMONDSON, Circuit Judges:

ON PETITIONS FOR REHEARING
AND PETITION FOR
REHEARING EN BANC

PER CURIAM:

Part III of our original opinion (823 F.2d 1439) is, hereby, withdrawn. Except for this modification, the petitions for rehearing are denied. The Court having been polled at the request of one of its members and a majority of the judges in active service not having voted in favor of it, the petition for rehearing en banc is denied.

FAY, Circuit Judge, dissenting, in which TJOFLAT, HILL and EDMONDSON, Circuit Judges, join:

Most respectfully, I dissent from the failure of the court to take this case for *en banc* consideration. I agree with the dissent of Judge Edmondson as to that section of the panel opinion dealing with shackling. Where guilt or innocence is in question there can be no doubt about the possible prejudice when a defendant appears in court in shackles. But to place this defendant in the same posture as one going to trial to determine guilt or innocence is simply wrong. Elledge had plead guilty. He was no longer entitled to the presumption of innocence.

Equally troubling to me are some of the other reasons stated by the majority for granting relief. The state trial court is faulted for not holding a hearing, and thus not affording the defense a reasonable opportunity to refute the information received by the trial judge. However, no hearing was requested! The state trial court is also faulted for not affording the defendant an opportunity to speak with his attorney. Immediately after the trial judge announced what he had learned and what he was going to do, however, he announced a recess. What better time for the defendant and his counsel to confer could have been provided? The state trial court is further faulted for not affording the defendant an opportunity to explain or

deny what the judge had heard. Again, the answer is that the defendant's counsel did not request to respond.

The state court is faulted for not considering alternatives to shackling. We have no way of knowing what was or was not considered by the state trial judge. If we are going to guess, assume or presume, however, I would assume that he considered many alternatives. Common sense tells me that no judge would order a defendant shackled without very serious and deliberate consideration. The state trial court is also faulted for failing to conduct a poll of the jury as to possible prejudice. Once again, no poll was requested!

Even when reviewing a criminal trial held in a federal court, we generally try to correct prejudicial mistakes made in the trial court. Rulings are most often based upon affirmative requests of the litigants or objections to questions or actions being taken. In this instance we are reviewing, by way of a collateral attack, a case tried and reviewed in the state courts. It is my opinion that we have failed to accord the state proceedings that deference required under the law. *See, e.g., Holbrook v. Flynn,* 475 U.S. 560, 106 S.Ct. 1340, 1348, 89 L.Ed.2d 525 (1986); *Wainwright v. Witt,* 469 U.S. 412, 105 S.Ct. 844, 854, 83 L.Ed.2d 841 (1985); *Patton v. Yount,* 467 U.S. 1025, 1036–38, 104 S.Ct. 2885, 2891–92, 81 L.Ed.2d 847 (1984). In addition, we are granting relief based upon the failure to do things which defendant's counsel never requested while speculating that explanations were available that have never been subsequently alleged. For these reasons, I dissent.