Bernard Lee HAMILTON,
Plaintiff–Appellant,

v.

Dan VASQUEZ, Warden of San Quentin; John K. Van De Kamp, Attorney General of the State of California, Defendants–Appellees.

No. 88–5567.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 7, 1989.

Decided Aug. 23, 1989.

Richard C. Camino, Tustin, Cal., for plaintiff-appellant.

Pat Zaharopoulos, Atty. General's Office, State of Cal., San Diego, Cal., for defendants-appellees.

Before SCHROEDER, FLETCHER and TROTT, Circuit Judges.

SCHROEDER, Circuit Judge:

Bernard Lee Hamilton, a California death-row prisoner, appeals, pro se, the district court's denial of his 28 U.S.C. § 2254 petition. Hamilton was also not represented by counsel in the district court. Hamilton contends that the trial court's decision to shackle him during his state criminal trial violated due process. The district court, however, denied the petition without reviewing the record of his trial in the state court. Hamilton therefore argues on appeal that the district court erred in not ordering the state court record *sua sponte*.

Hamilton was convicted of first-degree murder, burglary, robbery, and kidnapping, and sentenced to death. Hamilton was shackled throughout most of the two-month long trial. On October 9, 1987, Hamilton filed this petition for a writ of habeas corpus in federal district court, alleging that the trial court's decision to shackle him during his jury trial violated his right to a fair trial. The district court rejected the state's alternative contentions that Hamilton's petition should be dismissed as a successive petition, or as an abuse of the writ. The district court reached the merits of Hamilton's claim, and determined that the trial court's order that Hamilton be shackled during his criminal trial was justified under the circumstances, and did not deny Hamilton due process of law. The district court decided the claim on the basis of Hamilton's petition, the state's return to the petition, Hamilton's traverse, and various exhibits.

■ Hamilton contends that the district court erred in failing to review the record of the original state proceedings. Because we conclude that Hamilton's petition raised mixed issues of law and fact, on which the district court had a duty to review the state court record *sua sponte*, we reverse. *Chaney v. Lewis*, 801 F.2d 1191, 1194 (9th Cir.1986), *cert. denied*, 481 U.S. 1023, 107 S.Ct. 1911, 95 L.Ed.2d 516 (1987).

■ A presumption of correctness attaches to state court factual findings. 28

U.S.C. § 2254(d). Hence a petitioner who raises only questions of fact has the burden of providing the district court with the relevant portions of the state court record, or of showing his inability to do so. *See* 28 U.S.C. § 2254(e); *Chaney v. Lewis,* 801 F.2d 1191, 1194 (9th Cir.1986). Thus, we have held that the district court is under no obligation to obtain and review the state court record when disposing of purely factual questions. *Id.*[1] If, however, a claim raised in a federal habeas petition presents a mixed question of law and fact, a district court must *sua sponte* obtain and independently review the relevant portions of the state court record. *Id.* While a presumption of correctness attaches to the state court's factual findings, that presumption does not attach to a state court's determinations of mixed questions of fact and law. *Reiger v. Christensen,* 789 F.2d 1425, 1428–29 (9th Cir.1986). "We give deference to the state court's findings of the underlying facts, but reserve the right to give different legal weight to such facts." *Id.*

In this case the petitioner maintains that the circumstances did not justify shackling under applicable standards of due process. This is a mixed question of law and fact, requiring the application of legal principles to the historical facts. *See United States v. McConney,* 728 F.2d 1195, 1205 (9th Cir.) (*en banc*), *cert. denied,* 469 U.S. 824, 105 S.Ct. 101, 83 L.Ed.2d 46 (1984). Independent review of the state court record is often vital in habeas petitions, but particularly so in petitions challenging a decision to shackle the defendant throughout his criminal trial. Shackling is strongly disfavored because of the danger that it may deprive the defendant of the presumption of innocence. As the Fourth Circuit stated in *United States v. Samuel,* 431 F.2d 610, 614–15 (4th Cir.1970):

> Basic to American jurisprudence is the principle that an accused, despite his previous record or the nature of the pending charges, is presumed innocent until his guilt is established beyond a reasonable doubt by competent evidence. It follows that he is also entitled to the indicia of innocence. In the presence of the jury, he is ordinarily entitled to be relieved of handcuffs, or other unusual restraints, so as not to mark him as an obviously bad man or to suggest that the fact of his guilt is a foregone conclusion.

In *Illinois v. Allen,* 397 U.S. 337, 344, 90 S.Ct. 1057, 1061, 25 L.Ed.2d 353 (1970), the Supreme Court noted that:

> Trying a defendant for a crime while he sits bound and gagged before the judge and jury would to an extent comply with that part of the Sixth Amendment's purposes that accords the defendant an opportunity to confront the witnesses at the trial. But even to contemplate such a technique, much less see it, arouses a feeling that no person should be tried while shackled and gagged except as a last resort. Not only is it possible that the sight of shackles and gags might have a significant effect on the jury's feelings about the defendant, but the use of this technique is itself something of an affront to the very dignity and decorum of judicial proceedings that the judge is seeking to uphold.

■ Yet because the right to the "indicia of innocence" is not an absolute one, this court has stated that the shackling of a defendant may be justified "as a last resort, in cases of extreme need, or in cases urgently demanding that action." *See Wilson v. McCarthy,* 770 F.2d 1482, 1485 (9th Cir.1985) (citations omitted). Shackling is proper where there is a serious threat of escape or danger to those in and around the courtroom, or where disruption in the courtroom is likely if the defendant is not restrained. *Id.*

We held in *Loux v. United States,* 389 F.2d 911, 919 (9th Cir.1968), *cert. denied,* 393 U.S. 867, 89 S.Ct. 151, 21 L.Ed.2d 135 (1968), that it was permissible to shackle the defendants in that case where it was shown that the defendants had an exceptionally high potential for escape and violence, and that they had made some prepa-

---

1. *Chaney* involved a petitioner who was represented by counsel, and we assume here, without deciding, that the court has no greater duty when a petitioner appears pro se.

rations for escape. *Id.* One of the defendants had twice successfully escaped from prison and lost an arm in an unsuccessful attempt. Another defendant had escaped from prison five times and a third defendant had escaped from prison three times and was then serving a sentence for second-degree murder. Because there was a "very strong showing" of a likelihood of escape or violence, shackling the defendants was permissible. In these circumstances it was not necessary for the trial court to base its decision on the defendant's actual conduct at trial. *Id.*

Likewise, in *Stewart v. Corbin*, 850 F.2d 492 (9th Cir.1988), the defendant's prior record of escapes and his repeated disruptive conduct during court proceedings justified the trial court in ordering him shackled. *Id.* at 497–98. The defendant had a prior felony conviction for escape while in police custody, and had an outstanding arrest warrant for another escape while in custody and in handcuffs. During various pretrial proceedings the defendant had been warned that he might be removed from the courtroom due to his obstreperous conduct. The defendant had issued verbal threats of physical assault in open court during these pretrial proceedings. *Id.* at 494. In these circumstances, shackling the defendant did not deprive him of constitutional rights.

Because the decision to have a defendant shackled in the presence of the jury carries such a serious danger of prejudice, we have repeatedly noted that that decision should only be made after affording the defendant a right to challenge it. *See Loux v. United States*, 389 F.2d 911, 919 (9th Cir.1968); *cf. Wilson v. McCarthy*, 770 F.2d 1482, 1485 (9th Cir.1985) (decision to shackle defense witness made only after hearing). *See also Elledge v. Dugger*, 823 F.2d 1439, 1451–52 (11th Cir.), *modified on reh'g*, 833 F.2d 250 (defendant was denied due process when he was shackled at sentencing hearing without having an opportunity to contest the

necessity of shackling), *cert. denied,* —— U.S. ——, 108 S.Ct. 1487, 99 L.Ed.2d 715 (1987); *Kennedy v. Cardwell*, 487 F.2d 101, 110 (6th Cir.)(court should hold formal hearing with sworn testimony to determine whether defendant should be shackled), *cert. denied,* 416 U.S. 959, 94 S.Ct. 1976, 40 L.Ed.2d 310 (1973); *Woodards v. Cardwell*, 430 F.2d 978, 982 (6th Cir.1970)(better practice is for trial court to hold a hearing on shackling issue), *cert. denied,* 401 U.S. 911, 91 S.Ct. 874, 27 L.Ed.2d 809 (1970).

■ Implicit in our standard that shackling is justified only "as a last resort" or "in cases of extreme need" is the duty of the trial court to examine less restrictive measures that may serve to guarantee the security of the courtroom before resorting to such shackling. *Cf. Tyars v. Finner*, 709 F.2d 1274, 1284 (9th Cir.1983)(shackling defendant in civil commitment proceedings without any demonstration that lesser restraints would have been ineffective or impractical constituted a violation of due process). *See also Woodard v. Perrin*, 692 F.2d 220, 221 (1st Cir.1982)(court should consider less restrictive measures before deciding that defendant should be shackled). We have also noted that a cautionary instruction to the jury stating that no inference of guilt should be drawn from the use of shackles may be necessary if requested by the defendant. *See Wilson*, 770 F.2d at 1485.

■ The district court could not have examined these relevant factors without benefit of the record. The question of whether, under the circumstances in his case, Hamilton's due process rights were violated by the court's decision to shackle him throughout his trial is a mixed question of law and fact, and the district court should have *sua sponte* examined the state court record to decide Hamilton's claim. *Chaney v. Lewis*, 801 F.2d 1191, 1199 (9th Cir.1986); *Ruff v. Kincheloe*, 843 F.2d 1240, 1243 (9th Cir.1988).[2] We reverse and

---

2. Moreover, review of a state court opinion does not constitute an "independent review" of the state record. *See Chaney v. Lewis,* 801 F.2d 1191, 1193 (9th Cir.1986). Thus, the state's contention that it had provided the district court

with a copy of the state court's decision on Hamilton's claim, and therefore the court had no duty to obtain and review the state record, is meritless.

direct the district court to obtain and review the relevant portions of the state court record on remand and determine whether an evidentiary hearing is required. *See Reiger v. Christensen*, 789 F.2d 1425, 1429 (9th Cir.1986).

 The state contends that the district court can nevertheless be affirmed because Hamilton raised the propriety of his shackling in the context of an ineffective assistance of counsel claim in an earlier habeas petition, and that this petition is therefore redundant. This argument is without merit because no federal court has yet addressed the merits of petitioner's claim that shackling itself violated petitioner's due process rights. A federal court need not entertain a second habeas petition if the court finds (1) the same ground presented in the subsequent application was determined adversely to the applicant on the prior application, (2) the prior determination was on the merits, and (3) the ends of justice would not be served by reaching the merits of the subsequent application. *Sanders v. United States*, 373 U.S. 1, 15, 83 S.Ct. 1068, 1077, 10 L.Ed.2d 148 (1963).

Hamilton's first federal habeas petition, filed on April 2, 1986, claimed that Hamilton was denied effective assistance of counsel in violation of the sixth amendment because Hamilton's attorney recommended to the court at one point that Hamilton be shackled. The district court dismissed that petition on the merits, but this court vacated the judgment, finding that the lower court's dismissal was premature because Hamilton had failed to exhaust his state remedies. The case was remanded with instructions to dismiss the petition without prejudice. Because this court ordered Hamilton's first petition dismissed without prejudice, there was no prior determination on the merits. The conditions of *Sanders* have not been met.

 In the alternative, the state argues that the district court should be affirmed because Hamilton's petition should have been dismissed as an abuse of the writ, on the theory that Hamilton could have raised his shackling issue in his previous petition, but failed to do so. This contention also lacks merit, for the record in this case does not show any abuse of the writ. A federal court need not consider habeas claims previously unlitigated in federal court if it determines that the petitioner (1) made a conscious decision deliberately to withhold them from a prior petition, (2) is pursuing needless piecemeal litigation, or (3) has raised the claims only to vex, harass, or delay. *See Sanders v. United States*, 373 U.S. 1, 18, 83 S.Ct. 1068, 1078, 10 L.Ed.2d 148 (1963); *Neuschafer v. Whitley*, 860 F.2d 1470, 1474 (9th Cir.1988). Where there is no affirmative indication in the record that the petitioner made a conscious decision deliberately to withhold his claim, proceed by piecemeal litigation, to vex or harass or annoy the court or the state, a second petition raising a new claim is not an abuse of the writ. *See Richmond v. Ricketts*, 774 F.2d 957, 961 (9th Cir.1985).

The state has presented no evidence that any of the factors outlined in *Sanders* are present. Moreover, there is nothing in the history of this case to indicate that Hamilton deliberately withheld his claim in the hope of being granted two hearings instead of one. Hamilton's first petition was dismissed without prejudice, and he is not engaging in "needless piecemeal litigation." We therefore remand to the district court to consider petitioner's contentions in light of a review of the state court record.

On remand the district court must carefully examine the state court record to determine whether, under the particular circumstances of this case, the threat of violence or disturbance was serious enough to justify the shackling of Hamilton throughout his lengthy trial. As the information regarding these factors may be based on evidence outside the trial transcript, the district court may be required to hold an evidentiary hearing to determine whether Hamilton was denied a fair trial. *See Blackledge v. Allison*, 431 U.S. 63, 72–74 & n. 4, 97 S.Ct. 1621, 1628–1629 & n. 4, 52 L.Ed.2d 136 (1977).

The district court should appoint counsel for Hamilton to assist in the consideration

of his claim. In order to expedite further review, all further appeals will be referred to this panel.

REVERSED AND REMANDED.