892 F.2d 1048
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Darrell WHITE, Petitioner-Appellant,
v.
Wayne ESTELLE, Respondent-Appellee.
 No. 89-15256.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 12, 1989.*
Decided Jan. 4, 1990.
 
 Before CHOY, TANG and FLETCHER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Appellant Darrell White appeals pro se from the district court's order denying White's Fed.R.Civ.P. 60(b) motion for relief from a judgment. The judgment from which White seeks relief is the denial of his application for writ of habeas corpus. We affirm.
 
 FACTS
 
 3
 In 1981, a jury in California convicted White of rape, oral copulation, four counts of kidnapping, assault with a deadly weapon, and attempted rape. On July 8, 1983 the California Court of Appeal affirmed the convictions, but remanded the case to the Superior Court for resentencing. White was then sentenced to nineteen years imprisonment.
 
 
 4
 White filed two petitions for habeas corpus relief in federal district court, which were dismissed for failure to exhaust state remedies. After satisfying that requirement, White again filed a petition for habeas corpus relief in 1986. A federal magistrate recommended that the court deny White's petition. The magistrate informed White that he must file any objections within thirty days after being served with the magistrate's findings and recommendations and that "failure to contest any findings of fact herein will waive the right to contest them on appeal." Memorandum No. 87-2722, p. 3 (9th Cir. Dec. 1988). On January 13, 1987, the district court denied White's petition for a writ of habeas corpus, noting that neither party had filed objections to the magistrate's findings and recommendations. On January 14, the district court received objections from White.
 
 
 5
 On June 22, 1987, White filed a motion asking the district court to reconsider its order denying his habeas petition on the ground that the Order was erroneous because the court had not considered his filed objections. According to White, he filed his objections late because he misunderstood the procedures for objecting to the magistrate's findings, and his objections arrived late because the prison mail system failed to deliver them promptly. The district court construed White's motion as a request for relief from the judgment under Fed.R.Civ.P. 60(b), and on August 12, 1987 denied the motion.
 
 
 6
 White appealed to the Ninth Circuit on August 31, 1987. The panel ruled that it lacked jurisdiction to review the district court's order denying the petition for habeas relief because an appeal was not timely filed. The Court concluded, however, that it did have jurisdiction to review the district court's order denying the Fed.R.Civ.P. 60(b) motion and remanded the case for a finding as to whether White filed his objections late because of excusable neglect. Mem. 87-2722 (1988). On January 19, 1989, the district court found there was no excusable neglect in the late filing but went on to consider White's objections to the magistrate's findings anyway. The magistrate's findings and recommendations were then adopted in full, and the application for habeas relief again denied. On February 17, 1989, White filed this timely appeal.[1]
 
 STANDARD OF REVIEW
 
 7
 Motions for relief from judgment pursuant to Fed.R.Civ.P. 60(b) will not be reversed absent some abuse of discretion. Thompson v. Housing Authority of City of Los Angeles, 782 F.2d 829, 832 (9th Cir.1986).
 
 DISCUSSION
 
 8
 White contends that his convictions were unconstitutional because (1) the prosecutor engaged in misconduct by suppressing favorable evidence, (2) the defense attorney provided ineffective assistance, and (3) the trial court improperly denied a motion for mistrial based on juror misconduct.
 
 
 9
 A. Prosecutorial Misconduct.
 
 
 10
 White argues that the prosecution suppressed the medical report of the physician who examined the rape victim, suppressed the findings of the "rape kit test" and failed to call either the physician or the criminologist as a witness at trial. The State of California responds that these allegations are incorrect factually and legally. The state appellate court found White's argument to be meritless because the medical report was part of the clerk's transcript, the motion for discovery was granted, and the defense attorney stated that she met with the examining physician for a full explanation and discussion of the medical report.
 
 
 11
 The state's factual findings are entitled to a presumption of correctness, Patton v. Yount, 467 U.S. 1025, 1036-1039 (1984), Hamilton v. Vasquez, 882 F.2d 1469 (9th Cir.1989), and Appellant produces nothing to defeat that presumption. In her Amicus brief, the defense attorney states that she did receive a copy of the medical report, and because it was illegible, interviewed the examining physician. She acknowledges never receiving the written results of the rape kit test, though she states that the district attorney gave her a verbal report that the lab results "indicated sexual intercourse had occurred." The district attorney also informed her that he did not intend to call either the physician or the criminologist. Atty.Gen.Br., Ex. B, 2-5. The examining physician and criminologist were available for discovery to the defense. The prosecution was under no obligation to call them as witnesses.
 
 
 12
 According to the State, the federal district court rejected the allegation of prosecutorial misconduct on the ground that White had made no showing that the medical report or rape kit or the physician's or criminologist's testimony were exculpatory, and that having failed to make that showing below, White cannot relitigate the issue de novo on appeal. Atty.Gen.Br. 4-5. Because there is no basis for overturning the factual finding that the prosecution did not suppress evidence, it is not necessary to reach this issue.
 
 B. Ineffective Representation by Counsel
 
 13
 White also challenges his conviction on the grounds that his trial counsel was incompetent. The basis for this charge is that she failed to call as witnesses the examining physician and the criminologist who prepared the analysis of the rape kit.
 
 
 14
 In order to succeed on a claim of ineffective assistance of counsel, White first must show that considering all the circumstances, counsel's performance fell below an objective standard of reasonableness. Strickland v. Washington, 466 U.S. 668, 688 (1984). White must "identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment. The court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." Id. at 690. Second, White must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.
 
 
 15
 The state court and, according to the Attorney General's Brief, the district court rejected the ineffective assistance of counsel claim because it appeared that the defense attorney's decision was a reasonable strategy well within the range of competent professional assistance. This conclusion is amply supported by the defense attorney's account of her reasoning.
 
 
 16
 In her amicus brief filed with the state appellate court, Attorney Valencourt states that during her interview with the examining attorney, she learned that the doctor would not say anything on the stand that would be helpful to Mr. White. "If given the slightest chance, he would bring up his conclusions that [the victim] had been sodomized and that it was probably against her will ... and that once the doctor stated that his examination revealed that [the victim] had been forcibly sodomized, further questioning [of her] by the District Attorney would encourage her to state that she in fact had been sodomized by [White].... In my opinion, the state of evidence without the doctor's testimony was such that reasonable persons might differ and there was some chance that Mr. White might not be convicted of all the charges. However, I felt that if the doctor testified, conviction on all counts was assured." Amicus Curiae Brief and Declaration in Support Thereof, Atty.Gen.Br.Ex. B, 2-5. This was a quintessential strategic decision, and the attorney's choice could not be considered unreasonable.
 
 C. Jury Misconduct
 
 17
 After closing argument but before instructions, Appellant made a motion for a mistrial on the ground of juror misconduct. White reported that one of the jurors had discussed the trial with a neighbor. In response to the neighbor's questioning it appears that the juror said both that he had made up his mind and that his mind was open. He also made the comment that he was going to "go in and hang the defendant in the morning." Appt's Opening Br., Ex. D, 22-23; State Appellate Court Opinion, Atty.Gen.Br., Ex. A, 6-7.
 
 
 18
 Jury misconduct raises a presumption of prejudice, and unless the prosecution rebuts that presumption, the defendant is entitled to a new trial. People v. Pierce, 24 Cal.3d 199, 155 Cal.Rptr. 657 (1979), People v. Belmontes, 45 Cal.3d 811, 248 Cal.Rptr. 126 (1988). The State Appellate Court reviewed the defense attorney's and trial court's questioning of the juror and concluded that, although the juror's conduct created a presumption of prejudice, the presumption was overcome by the juror's affirmative responses to the court's querries. The juror gave assurances that he could discuss the facts and the law with the other jurors with an open mind, that his opinion was just tentative, and his "hanging" comment was just a joke, a figure of speech.
 
 
 19
 State courts' assessments of individual juror qualification and impartiality are factual findings that are accorded a presumption of correctness under 28 U.S.C. § 2254(d). Wainwright v. Witt, 469 U.S. 412, 428-29 (1985), Patton v. Yount, 467 U.S. 1025, 1036-1039 (1983). That presumption may be overcome by a showing that the state court proceeding was procedurally deficient for one of the reasons listed in § 2254(d)(1)-(7), Sumner v. Mata, 449 U.S. 539 (1980), cert. granted and judgment vacated, 455 U.S. 591 (1981), or that the produced state court record does not fairly support the factual determination, Marshall v. Lonberger, 459 U.S. 442, 432-35 (1983).
 
 
 20
 Appellant offers no grounds sufficient to justify overturning the appellate court's finding that the prosecution adequately rebutted the presumption of prejudice. The trial court appears to have taken seriously White's challenge. His conclusion that the juror was not disqualified was the result of what appears to have been a full and fair hearing.
 
 
 21
 The District Court Order denying relief from judgment is AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the Courts of this Circuit except as provided by Circuit Rule 36-3
 
 
 [1]
 The panel applied United States v. Houser, 804 F.2d 565 (9th Cir.1986) and Houston v. Lack, 108 S.Ct 2379 (1988) to remand the case for a determination of whether White had done "all that he could to file his objections on time." Houston, however, held that where the appellate rule required a habeas appeal to be filed within a certain time, the pro se petitioner's notice of appeal was "filed" at the moment of delivery to prison authorities for forwarding to District Court. Applying this rule to the filing of objections to the magistrate's findings and recommendations, the proper question on remand would have been to determine when White delivered his objections to the prison authorities. Since the district court went on to consider White's objections on the merits, however, the error, if any, was harmless