921 F.2d 281
 Unpublished Disposition
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 
 Warren G. STEWART, Petitioner-Appellant,
v.
James P. ROLAND, Respondent-Appellee.
 No. 89-15936.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Nov. 6, 1990.
Decided Dec. 18, 1990.
 Before JAMES R. BROWNING, PREGERSON and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Warren G. Stewart appeals the denial of his habeas corpus petition. He argues his rape trial was fundamentally unfair under the Due Process Clause because the prosecutor was permitted to cross-examine him on the circumstances surrounding an earlier rape charge of which he was acquitted. He also contends the prosecutor's closing argument, which focused on the prior rape charge, similarly deprived him of a fair trial.
 
 
 3
 * Stewart was convicted of assault with intent to commit rape, false imprisonment, three counts of forcible oral copulation, and two counts of sexual penetration with a foreign object. California Penal Code Secs. 220, 236, 288a(c) and 289(a) (West 1988). As the state court of appeals observed in reviewing Stewart's claims, the trial was primarily a "credibility contest" between Stewart and the alleged victim, Ms. Losee. Each offered a dramatically different account of what happened on the night of the crime.
 
 
 4
 It is agreed that Ms. Losee was visiting Stewart at his apartment on the night in question. The two drank some wine and conversed for a short period of time. According to Stewart, the two became amorous and began snorting cocaine. They removed their clothes, and Stewart thought they were about to have sex. The next thing he knew, however, Ms. Losee had dashed out of his apartment in the nude. Ms. Losee, on the other hand, testified that after some wine and small talk Stewart physically restrained her, ripped the phone out of the jack so she could not call for help, and attempted to rape her. During the ordeal she excused herself to go to the bathroom, wrapped a towel around herself, and ran down the street to get help.
 
 
 5
 Five years earlier, police officers found a nude woman in the bushes below Stewart's apartment. The woman claimed Stewart had raped her. Stewart said she had consented. The police asked him what she was doing in the bushes, and Stewart stated he did not know. He later admitted he had lied to the officers, confessing the woman had fallen to the bushes during a tussle with him over a jar of cocaine. Stewart was acquitted of the rape charge, but convicted of furnishing the cocaine. Stewart consistently has denied the rape accusation.
 
 
 6
 At the trial in the present case, Stewart testified Ms. Losee had consented to have sex with him. Over the objection of defense counsel, the State was permitted to cross-examine Stewart and elicit from him that he had been charged with a similar rape in 1980 but had been acquitted. The avowed purpose of the cross-examination was to impeach Stewart's credibility for truthfulness by showing the similarity between the 1980 and 1985 incidents and the similarity between Stewart's explanations to the police in each case. In each incident, a naked woman claiming Stewart had raped her was found outside his apartment. Also in each incident, Stewart told the police the victim had consented and he had no idea why she left his apartment in the nude. The jury was asked to draw the inference that it was implausible that both events occurred as Stewart said they did: Stewart lied in 1980 and was lying again in 1986.
 
 
 7
 Stewart appealed his conviction, arguing among other things that the evidence of the prior acquittal denied him a fair trial. The state court of appeals affirmed, finding the evidence had been relevant for purposes of impeaching Stewart's credibility for truthfulness. Stewart appealed to the California Supreme Court, which denied review on December 16, 1987 over the one-sentence statement of Justice Mosk, who thought the petition should have been granted. Stewart filed a pro se habeas corpus petition in the Northern District of California, which was rejected in part. He was then appointed counsel to brief the unresolved issues. The district court denied the petition on April 18, 1989. The court rested its decision on the same factors articulated by the state court of appeals, emphasizing the trial judge's limiting instructions and the fact that the jury was told Stewart had been acquitted of the 1980 charge. Stewart timely appeals. We have jurisdiction under 28 U.S.C. Sec. 2253 (1988), and we affirm.
 
 II
 
 8
 We review de novo the denial of a habeas corpus petition. Norris v. Risley, 878 F.2d 1178, 1180 (9th Cir.1989). We presume state court factual findings are correct. 28 U.S.C. Sec. 2254(d) (1988); Hamilton v. Vasquez, 882 F.2d 1469, 1470-71 (9th Cir.1989).
 
 III
 
 9
 Whether Introduction of the Evidence Violated Due Process
 
 
 10
 To implicate the Due Process Clause, Stewart must show more than the fact that the probative value of the contested evidence was outweighed by its prejudicial effect. We will grant habeas corpus relief only if "admission of the testimony was arbitrary or fundamentally unfair." Colley v. Sumner, 784 F.2d 984, 990 (9th Cir.), cert. denied, 479 U.S. 839 (1986); see also Terrovona v. Kincheloe, 912 F.2d 1176, 1180-81 (9th Cir.1990); McGuire v. Estelle, 902 F.2d 749, 753 (9th Cir.1990). Such unfairness will not be found simply because evidence of a defendant's prior acquittals has been introduced. See Dowling v. United States, --- U.S. ----, 110 S.Ct. 668, 675 (1990).
 
 
 11
 In the present case, the state trial judge debated at length with counsel over the admissibility of the 1980 rape charge. After careful consideration, the judge concluded it was relevant for purposes of shedding light on whether Stewart's consent defense was fabricated. We agree with this assessment. In nearly identical circumstances in 1980 and 1985, Stewart gave similar explanations of his victim's bizarre behavior and his own innocence. The jury was entitled to pass on the plausibility of these stores, even though it was not permitted to draw a direct inference of guilt from them. The judge's instructions reduced the likelihood that the jury would misuse the evidence. At two points in the trial he admonished the jury in emphatic terms that it was not to consider the 1980 charge as evidence of guilt; rather, he said, the evidence was relevant only to the issue of whether Stewart was fabricating his consent defense. In addition, the jury was told Stewart had been acquitted of the 1980 charge, thus further reducing the potential for prejudice.
 
 
 12
 We may grant habeas corpus relief only where the admission of evidence renders a trial fundamentally unfair. Under the present circumstances we cannot say the admission of the 1980 rape charge resulted in such an infirmity. We hold Stewart's claim to the contrary lacks merit.
 
 IV
 The Prosecutor's Closing Argument
 
 13
 Stewart contends the prosecutor's closing argument improperly dwelled on the events surrounding the 1980 rape charge. A closing argument violates due process only when it "undermine[s] the fundamental fairness of the trial." Mitchell v. Goldsmith, 878 F.2d 319, 324 (9th Cir.1989).
 
 
 14
 In the previous section we held the 1980 rape charge was admitted into evidence for a legitimate purpose, consistent with the Due Process Clause. The prosecutor's theme in closing was that Stewart's defenses in 1980 and 1985 were too similar to be convincing. This was the theory upon which the evidence originally was introduced. We therefore hold the prosecutor's closing argument did not render Stewart's trial fundamentally unfair.
 
 
 15
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit rule 36-3