952 F.2d 407
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Renato OBANDO, Plaintiff-Appellee,
v.
Robert Glen BORG, Warden, et al., Respondent-Appellee.
 No. 90-56342.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 5, 1991.*
Decided Jan. 10, 1992.
 
 Before JAMES R. BROWNING, FERGUSON and REINHARDT, Circuit Judges.
 ORDER
 The judgment of the district court denying the Petition for Writ of Habeas Corpus is vacated.
 
 
 1
 The record of the state proceedings before the district court and this court are not complete. Missing are the first forty-two pages of trial exhibit 23, the transcript of petitioner's statement to the police. This missing portion is asserted to contain, among other matters, the alleged giving and waiving of Miranda rights. Among petitioner's claims are several regarding the voluntariness of his waiver and confession. Such claims raise mixed questions of law and fact and are reviewed de novo. Miller v. Fenton, 474 U.S. 104, 112-113 (1985) (confession); Collazo v. Estelle, 940 F.2d 411, 415 (9th Cir.1991) (en banc), petition for cert. filed (U.S. 10/1/91) (No. 91-596) (waiver). While a presumption of correctness normally attaches to a state court's factual findings, Hamilton v. Vasquez, 882 F.2d 1469 (9th Cir.1989), no such presumption exists where, as here, the factual determinations are not evidenced by reliable written indicia. Sumner v. Mata, 449 U.S. 539, 546-47 (1981); 28 U.S.C. § 2254(d).
 
 
 2
 In light of the above, the district court and this court cannot determine whether federal constitutional rights of the petitioner were protected or violated when the facts asserted before the state courts cannot be ascertained. Remand to the district court for completion of the record is thus proper. James S. Liebman, Federal Habeas Corpus Practice and Procedure 511 (1988); Wilson v. Cooke, 814 F.2d 614 (11th Cir.1987) (remand for completion of record where, although district court denied habeas petition based on transcript of evidentiary hearing, no transcript was in fact available or considered by the district court); see also Hamilton v. Vasquez, 882 F.2d 149, 1472 (9th Cir.1989) (duty of district court to sua sponte obtain and review relevant portions of state record when habeas petition contains mixed question of law and fact). We therefore remand to the district court for completion of the record, as well as consideration of any claims not addressed due to the incomplete record.
 
 
 3
 Appellant's motion for appointment of counsel is granted. 18 U.S.C. §§ 3006(A)(a)(2)(B), 3006A(d), (e). Counsel shall represent the petitioner in the remand before the district Court as well as any further proceedings before this court. On appeal, all issues shall be rebriefed.
 
 
 4
 The panel will retain its assignment over any subsequent appeals. See Hamilton v. Vasquez, supra at 1474.
 
 
 5
 The Clerk shall serve a copy of this order on Magistrate Judge Joseph Reichmann, U.S. District Court for the Central District of California, 312 N. Spring Street, Los Angeles, California 90012, who will locate appointed counsel. The district court shall provide this court with the name and address of appointed counsel within 14 days of locating counsel.
 
 
 6
 VACATED AND REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a), Ninth Circuit R. 34-4