958 F.2d 378
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Frank Lee SOUTH, Jr., a/k/a Storm Michael Bailey, Petitioner-Appellant,
v.
Manfred MAASS, Superintendent, Oregon State Penitentiary,
Respondent-Appellee.
 No. 90-35647.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 13, 1992.*
Decided March 18, 1992.
 
 Before JAMES R. BROWNING, POOLE and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Frank Lee South, Jr., an Oregon state prisoner, appeals pro se the denial without an evidentiary hearing of his 28 U.S.C. § 2254 habeas corpus petition challenging his jury convictions for robbery and attempted burglary. South claims that the state trial court denied him his sixth amendment right to counsel by denying his motion for appointment of substitute counsel and thereby forcing him to represent himself at trial. We have jurisdiction under 28 U.S.C. § 2253, and we reverse.
 
 
 3
 State court fact findings are entitled to a presumption of correctness; state court determinations of mixed questions of fact and law are not. 28 U.S.C. § 2254(d); Hamilton v. Vasquez, 882 F.2d 1469, 1470-71 (9th Cir.1989). Accordingly, a petitioner who raises only questions of fact has the burden of providing the district court with the relevant portions of the state court record. Id. at 1471. "If, however, a claim raised in a federal habeas petition presents a mixed question of law and fact, a district court must sua sponte obtain and independently review the relevant portions of the state court record." Id. Questions of appointment of substitute counsel and waiver of the sixth amendment right to counsel are mixed questions of law and fact. See United States v. Schaff, 948 F.2d 501, 503 (9th Cir.1991) (setting forth standards for deciding these questions).
 
 
 4
 Here, the district court record includes only the transcripts of South's trials on July 3 and 5, 1985, the transcript of his sentencing hearing, and the judgments of conviction; it does not include any other portions of the state trial court record. Moreover, the magistrate judge and district court's orders do not indicate that any other portions of the trial court record were reviewed. Nonetheless, at the beginning of the first trial, South requested a continuance. The trial court stated: "[t]his matter was considered the other day." The trial court also stated: "[t]he Defendant has had the assistance of counsel and it was his choice to proceed [pro] se, and I'm not going to set the trial over for that reason." The trial court asked South: "[d]o you want to proceed as your own attorney? I indicated to you the other day that you may do so." These statements and other remarks during the trials by the trial court and South indicate that before July 3 the trial court had conducted proceedings in which it denied South's motion for appointment of substitute counsel and permitted him to represent himself.
 
 
 5
 The district court was required sua sponte to obtain and independently review portions of the state court record concerning these questions. See Schaff, 948 F.2d at 503; Hamilton, 882 F.2d at 1471. Because the district court did not obtain records of proceedings in the trial court before July 3, 1985, it violated this requirement. See Hamilton, 882 F.2d at 1471. We therefore reverse the judgment and remand for the district court to consider South's claims in light of a review of all of the relevant portions of the state court record. See id.
 
 
 6
 REVERSED and REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3