988 F.2d 121
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Allen Wayne SMITH, Petitioner-Appellant,
v.
B.J. BUNNELL, Warden, Respondent-Appellee.
 No. 91-16544.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 22, 1993.*
Decided March 3, 1993.
 
 Appeal from the United States District Court for the Northern District of California; No. CV-89-20729-WAI, William A. Ingram, District Judge, Presiding.
 N.D.Cal.
 AFFIRMED.
 Before GOODWIN, SCHROEDER and CANBY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Allen Wayne Smith, a California state prisoner, appeals pro se the denial of his 28 U.S.C. § 2254 habeas corpus petition challenging his robbery conviction. Smith contends that the district court erred by denying, without an evidentiary hearing, his claim that the trial court deprived him of due process by enhancing his sentence based on three constitutionally invalid prior convictions. We have jurisdiction under 28 U.S.C. § 2253. We review de novo, Norris v. Risley, 878 F.2d 1178, 1180 (9th Cir.1989), and affirm.
 
 
 3
 Smith was convicted of robbery with use of a deadly weapon and sentenced to 27 years, 8 months in state prison. The trial court used two prior robbery convictions from 1977 and one prior robbery conviction from 1980 to enhance the sentence. Smith claims that his guilty pleas for the three prior convictions were not knowing and voluntary because he was not advised of his constitutional rights and did not waive them before pleading guilty.
 
 
 4
 Due process requires that a guilty plea be knowing and voluntary. Parke v. Raley, 113 S.Ct. 517, 523 (1992) (citing Boykin v. Alabama, 395 U.S. 238, 242-43 (1969)). The defendant must have "a full understanding of what the plea connotes and of its consequences." Boykin, 395 U.S. at 244; see id. at 243 (guilty plea waiver involves privilege against self-incrimination, right to trial by jury, and right to confront accusers). The district court's finding that a plea was voluntary is a finding of law, which may be supported by underlying findings of historical fact. Raley, 113 S.Ct. at 526.
 
 
 5
 In federal habeas corpus proceedings, state court findings of historical fact are entitled to a presumption of correctness under 28 U.S.C. § 2254(d). Id. (citing Marshall v. Lonberger, 459 U.S. 422, 431-32, 435 (1983)). The presumption may be overcome if a fact finding is not "fairly supported" by the state court record. 28 U.S.C. § 2254(d)(8); Burden v. Zant, 111 S.Ct. 862, 864 (1991) (per curiam); Tinsley v. Borg, 895 F.2d 520, 525 (9th Cir.1990), cert. denied, 111 S.Ct. 974 (1991). If the petitioner challenges the sufficiency of the evidence to support a fact finding, then he must, "if able, ... produce that part of the record pertinent to a determination of the sufficiency of the evidence." 28 U.S.C. § 2254(e); see Hamilton v. Vasquez, 882 F.2d 1469, 1471 (9th Cir.1989) (petitioner has burden of producing relevant parts of state court record or of establishing his inability to do so).
 
 
 6
 Here, the trial court made the following findings after a hearing on Smith's motion to strike the three prior convictions:
 
 
 7
 The testimony of defendant is outweighed by the records in each [prior] case ..., which are not silent on the advisement of rights and waivers. Each case record contains a minute order which affirmatively shows the specific advice to the defendant of rights against self-incrimination, to confront and examine witnesses, and to trial by jury, and the effect of a guilty plea, and possible consequences; and the waiver by defendant of legal rights as explained. it further shows a finding by the court that defendant voluntarily waived and understood the effect of the waivers of rights.
 
 
 8
 On direct appeal, the California Court of Appeal for the Sixth Appellate District affirmed Smith's conviction and sentence. The California Supreme Court denied state habeas relief.
 
 
 9
 Smith contends that the trial court's findings are not fairly supported by the state court record, and therefore the 28 U.S.C. § 2254(d) presumption of correctness does not apply. He relies on the fact that in connection with a conviction for possession of a concealable firearm by a felon, the California Court of Appeal for the Second Appellate District struck the three prior robbery convictions. The Second District Court of Appeal found that the record developed in the firearm possession case did not support the trial court's finding that Smith was advised of and waived his constitutional rights before pleading guilty to the robbery charges.
 
 
 10
 In the district court, Smith produced the Second District Court of Appeal's decision regarding the firearm possession conviction, but he did not produce a transcript of the trial court's hearing on his motion to strike the priors in connection with the robbery conviction at issue in this case, nor did he claim that he was unable to do so. See 28 U.S.C. § 2254(e); Hamilton, 882 F.2d at 1471. The Second District Court of Appeal's decision, which was based on the record developed in the firearm possession case, is insufficient to show that the trial court's fact findings were not fairly supported by the different record developed in this case. See 28 U.S.C. § 2254(d)(8).[1] Accordingly, the district court did not err by presuming correct the trial court's fact findings that Smith was advised of his constitutional rights and waived them before pleading guilty to the three prior robbery charges. See 28 U.S.C. § 2254(d); Raley, 113 S.Ct. at 526. Moreover, the trial court's fact findings supported the district court's legal finding that Smith's guilty pleas were knowing and voluntary. See Raley, 113 S.Ct. at 526; Boykin, 395 U.S. at 242-43. We therefore affirm the district court's judgment.
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 In its decision on direct appeal, the Sixth District Court of Appeal stated: "We are not bound by the decision of Division Three of the Second Appellate District, in a different case, involving the same priors...." The Court of Appeal further stated: "Moreover, the records are not identical. In the previous case, Smith affirmatively declared he did not knowingly and voluntarily waive his rights. In the instant case, Smith was less certain of the courts' failure to perform their duty under Boykin/Tahl; he filed a declaration which stated that 'to the best of my recollection I was not advised nor did I express any intelligent, understanding and voluntary waiver of my constitutional rights....' Moreover, we have sworn testimony that Smith was advised of his constitutional rights as well as minute orders that strongly suggest he did expressly waive those rights."