990 F.2d 1260
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
James THOMPSON, Petitioner-Appellant,
v.
Eddie YLST, Respondent-Appellee.
 No. 92-16479.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 10, 1993.*
Decided March 15, 1993.
 
 Before WALLACE, Chief Judge, and FARRIS and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 James Thompson, a California state prisoner, appeals pro se the denial of his 28 U.S.C. § 2254 habeas corpus petition. Thompson contends that "[t]he state trial court's complete misunderstanding of its sentencing authority, its failure to exercise proper discretion and its arbitrary decision to use the most severe sentencing scheme available deprived [him] of due process." We have jurisdiction under 28 U.S.C. § 2253. We review de novo, Norris v. Risley, 878 F.2d 1178, 1180 (9th Cir.1989), and affirm.
 
 
 3
 Federal habeas relief is not available for errors in the interpretation or application of state sentencing law. Estelle v. McGuire, 112 S.Ct. 475, 480 (1991) (holding that "it is not the province of a federal habeas court to reexamine state court determinations on state law questions"); Miller v. Vasquez, 868 F.2d 1116, 1118-19 (9th Cir.1989) (refusing to address sentence enhancement claim). Nevertheless, a state court's arbitrary disregard of state sentencing law may violate due process. See Hicks v. Oklahoma, 447 U.S. 343, 346 (1980) (petitioner was deprived of state-law-created liberty interest when jury was denied opportunity to exercise its discretion to impose sentence of any length within range); Ballard v. Estelle, 937 F.2d 453, 456 (9th Cir.1991) (state laws may create liberty interests protected by the fourteenth amendment, and "[m]isapplication[s] of these laws that lead to deprivations of those liberty interests may be reviewed in federal habeas corpus proceedings").
 
 
 4
 Thompson was convicted of seven counts of penetration by a foreign object, four counts of sexual battery, four counts of forcible rape, and six counts of forcible oral copulation. On direct appeal, the California Court of Appeal vacated his 33-year sentence on the basis that the trial court had failed to distinguish its decision to impose consecutive sentences under Cal.Penal Code § 1170.1 from its decision to impose full term consecutive sentences under Cal.Penal Code § 667.6(c). See People v. Huber, 227 Cal.Rptr. 113, 127 (Cal.Ct.App.1986) (when a court imposes full term consecutive sentences under section 667.6(c) it must make the following two statements of reasons: "(1) a statement of reasons for the choice of imposing a consecutive sentence rather than a concurrent one; and (2) a statement of reasons for the choice of imposing a consecutive sentence under the harsher full term provision of [section 667(c) ] rather than a consecutive sentence under the more lenient principal-subordinate scheme of [section 1170.1(a) ]") (citing People v. Belmontes, 667 P.2d 686, 693 (Cal.1983)). On remand, the trial court resentenced Thompson to 24 years imprisonment. On some of the counts it imposed full term consecutive sentences under section 667.6(c).
 
 
 5
 Thompson contends that the trial court deprived him of due process on resentencing by failing to state reasons for imposing full term consecutive sentences under section 667.6(c) as opposed to reasons for imposing abbreviated consecutive sentences under section 1170.1. He argues that the trial court's failure to state different reasons for the two sentencing choices shows that it did not understand that it had discretion to impose abbreviated consecutive sentences under section 1170.1. He contends that this alleged misunderstanding caused a due process violation, see Hicks, 447 U.S. at 346, rather than a mere violation of state sentencing law, see Estelle, 112 S.Ct. at 480, because the trial court arbitrarily chose the most severe sentencing scheme.
 
 
 6
 Regardless of whether the trial court's failure to appreciate the full range of its sentencing discretion could violate due process under the circumstances of this case, Thompson's contention lacks merit. In Thompson's second appeal, the California Court of Appeal made the fact finding that on resentencing the trial court knew it could impose either type of consecutive sentences. We must presume that this fact finding is correct. See 28 U.S.C. § 2254(d); Hamilton v. Vasquez, 882 F.2d 1469, 1470-71 (9th Cir.1989). Accordingly, the district court did not err by denying Thompson's habeas petition.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3