996 F.2d 1223
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Jan Oliver BREWER, Petitioner-Appellant,
v.
B.J. BUNNELL, Warden; Attorney General of the State of
California, Respondents-Appellees.
 No. 91-56057.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 8, 1993.
Decided June 14, 1993.
 
 Before: CANBY, FERNANDEZ, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Jan Oliver Brewer, a California state prisoner, appeals pro se the district court's denial of his 28 U.S.C. § 2254 habeas petition challenging his conviction for one count of first degree murder and two counts of attempted murder. Brewer contends that the district court erred by denying his habeas petition without an evidentiary hearing. We review de novo the district court's decision on a habeas petition. Ortberg v. Moody, 961 F.2d 135, 147 (9th Cir.), cert. denied, 113 S.Ct. 225 (1992). We have jurisdiction under 28 U.S.C. § 2253, and we vacate and remand.
 
 
 3
 Brewer appears to contend that the district court erred by failing to review the record of the original state court proceedings prior to denying his petition without holding an evidentiary hearing.
 
 
 4
 "A habeas petitioner is entitled to an evidentiary hearing on a claim if '(1) the petitioner's allegations, if proved, would entitle him to relief, and (2) the state court trier of fact has not, after a full and fair hearing, reliably found the relevant facts.' " Hendricks v. Vasquez, 974 F.2d 1099, 1103 (9th Cir.1992) (quoting Creech v. Arave, 947 F.2d 873, 887 (9th Cir.1991), cert. denied, 112 S.Ct. 2963 (1992)). No hearing is required if either the state court has reliably found the relevant facts or there are no disputed facts and the claim presents a purely legal question. See Tinsley v. Borg, 895 F.2d 520, 530 (9th Cir.1990), cert. denied, 111 S.Ct. 974 (1991).
 
 
 5
 If the district court denies the petition without an evidentiary hearing, the record on appeal must show that the district court independently reviewed all the relevant portions of the state court record in deciding the merits of the petitioner's claims. Reiger v. Chrsitensen, 789 F.2d 1425, 1428 (9th Cir.1986). The district court must make specific findings and conclusions on those of the petitioner's assertions that state a claim for relief in order to show that it has independently reviewed the record. Lincoln v. Sunn, 807 F.2d 805, 808-09 (9th Cir.1987), cert. denied, 498 U.S. 907 (1990). Mere review of a state court opinion does not constitute independent review of the state court record. See Hamilton v. Vasquez, 882 F.2d 1469, 1472 n. 2 (9th Cir.1989).
 
 
 6
 A presumption of correctness attaches to state court factual findings. 28 U.S.C. § 2254(d). "Hence, a petitioner who raises only questions of fact has the burden of providing the district court with the relevant portions of the state court record, or of showing his inability to do so." Hamilton, 882 F.2d at 1471 (citing Chaney v. Lewis, 801 F.2d 1191, 1194 (9th Cir.1986)). "Thus, we have held that the district court is under no obligation to obtain and review the state court record when disposing of purely factual questions." Id. If, however, a claim raises a mixed question of law and fact, a district court must sua sponte obtain and independently review the relevant portions of the state court record. Id. The constitutionality of pretrial identification procedures is a mixed question of law and fact. See Sumner v. Mata, 455 U.S. 591, 597 (1982) (per curiam).
 
 
 7
 Here, Brewer claims that the identification testimony was tainted and insufficient to establish guilt beyond a reasonable doubt as a matter of law, and thus the conviction is not supported by sufficient evidence. The district court could not have examined these relevant factors without the benefit of the record. Hamilton, 882 F.2d at 1472. Nothing in the record on appeal indicates that the district court independently reviewed the state court record. See Chaney, 801 F.2d at 1193. At best, the record shows that the court reviewed the California Court of Appeal's opinion affirming Brewer's conviction. The district court cannot rely on that opinion as a substitute for independent review of the state court record. See id. The district court should have sua sponte examined the state court record to decide Brewer's claim. See Hamilton, 882 F.2d at 1472 (citing Chaney, 801 F.2d at 1199)).
 
 
 8
 Therefore, we vacate and remand for the district court to obtain and review all of the relevant portions of the state court record to determine whether an evidentiary hearing is required. See id.
 
 VACATED AND REMANDED.[1]
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Brewer's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Brewer's motion for appointment of counsel is denied without prejudice to its renewal following disposition on remand