996 F.2d 1225
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Bruce L. JOHNSON, Petitioner-Appellant,
v.
Allan A. STAGNER, Superintendent, Correctional Training
Facility, Respondent-Appellee.
 No. 91-15608.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 21, 1993.*
Decided July 1, 1993.
 
 Before: CANBY, FERNANDEZ, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Bruce L. Johnson, a California state prisoner, appeals pro se the district court's denial of his petition for a writ of habeas corpus. Johnson claims his trial attorney rendered ineffective assistance of counsel because he did not move to suppress evidence seized during an unlawful arrest or to suppress an identification obtained after a suggestive line-up procedure. We affirm.
 
 I. Facts
 
 3
 A jury convicted Johnson of 13 felony counts including rape, lewd conduct with a child, robbery, burglary and assault with a deadly weapon. He was sentenced to 45 years and 8 months. He appealed.
 
 
 4
 The California Court of Appeal reversed three counts of conviction, holding that his attorney's failure to challenge a victim's identification of Johnson constituted ineffective assistance of counsel. The victim identified Johnson at a preliminary hearing. She also testified that earlier that day she had picked him out of a corporeal line-up after looking at a photographic array containing his picture. The appeals court remanded for an evidentiary hearing to determine if the identification was tainted by the possibly suggestive procedure. It instructed that if the trial court found the identification tainted, Johnson was entitled to a new trial on those counts. If the identification was not tainted, the convictions were to be reinstated.[1] The California Supreme Court denied Johnson's petition for hearing.
 
 
 5
 After the evidentiary hearing, the trial court concluded that, based on the totality of the circumstances, the victim's identification was independent of the potentially suggestive lineup. The court reinstated the judgment on the three counts. On appeal, Johnson raised only sentencing issues. The court of appeal affirmed, and the California Supreme Court denied review.
 
 
 6
 He then filed a petition for writ of habeas corpus in the district court asserting three claims of ineffective assistance of counsel. The court dismissed the petition with leave to amend. Johnson refiled his petition raising only two ineffective assistance claims. The court denied the amended petition. Johnson appealed.
 
 II. Analysis
 
 7
 We review de novo the district court's decision to deny Johnson's petition. See Adams v. Peterson, 968 F.2d 835, 843 (9th Cir.1992) (en banc). Under 28 U.S.C. § 2254(d), we must give state court factual conclusions a presumption of correctness. Hamilton v. Vasquez, 882 F.2d 1469, 1470-71 (9th Cir.1989). A state court's conclusion that counsel's assistance was effective is a mixed question of fact and law reviewed de novo. Strickland v. Washington, 466 U.S. 668, 698 (1984); United States v. Olson, 925 F.2d 1170, 1173 (9th Cir.1991).
 
 
 8
 A. Motion to Suppress Evidence Obtained in Unlawful Search
 
 
 9
 To establish that his attorney's failure to move to suppress the unlawfully gained evidence constituted ineffective assistance, Johnson must show both incompetence and prejudice. See Kimmelman v. Morrison, 477 U.S. 365, 381 (1986). Johnson has satisfied the incompetence prong. The officers arrested him in his home without an arrest warrant. The record contains no evidence of exigent circumstances. Counsel's failure to challenge admission of the evidence was unreasonable. See id.
 
 
 10
 We agree with the district court that Johnson has not established prejudice. He has not shown " 'that counsel's unprofessional errors so upset the adversarial balance between defense and prosecution that the trial was rendered unfair and the verdict rendered suspect.' " Lockhart v. Fretwell, 113 S.Ct. 838, 842 (1993) (quoting Kimmelman, 477 U.S. at 374). The victim quickly and emphatically identified Johnson shortly after the rape. She was positive in her identification at trial.
 
 B. Identification Procedure
 
 11
 Johnson exhausted his state remedies on this issue. Contrary to the state's assertion, Johnson did raise this issue to the California Supreme Court. See CR 9, ExL (Brief for Petitioner at 3-8, People v. Johnson, No. A019558 (Mar. 8, 1985)); McGuire v. Estelle, 902 F.2d 749, 752-53, (9th Cir.1990), rev'd on other grounds, 112 S.Ct. 475 (1991). We agree with both the state court of appeal and the district court that he has not shown the prejudice necessary to demonstrate ineffective assistance.
 
 
 12
 At the evidentiary hearing, the court made several factual findings: (1) Johnson and the victim talked for more than five minutes on the bus, (2) the bus was well lit, (3) the two got off the bus together and walked for two blocks and (4) during the rape, the victim saw Johnson's face. He does not dispute these facts, and we must accord them a presumption of correctness. We conclude that they are fairly supported by the state court record.
 
 
 13
 After conducting our own de novo review, we agree with the district court that the victim's identification was extremely reliable and not tainted by her viewing of the photographic array before the corporeal lineup. Johnson has not shown that the outcome would have been different but for counsel's motion to suppress the identification or that counsel's error made the trial fundamentally unfair or unreliable. See Lockhart, 113 S.Ct. at 842-44; United States v. Garcia, No. 90-50316, slip op. 6037, 6056-57 (9th Cir. June 10, 1993).
 
 
 14
 Johnson's motions to file supplemental briefs have been considered and are denied.
 
 
 15
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 We assume that by ordering the convictions reinstated, the court was concluding that Johnson could not show prejudice and, consequently, his ineffective assistance claim must fail