26 F.3d 129
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Rene Mark AYALA, Petitioner-Appellant,
v.
James GOMEZ, Director, Respondent-Appellee.
 No. 93-16591.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 6, 1994.*
Decided June 14, 1994.
 
 Before: TANG, PREGERSON, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Renee Mark Ayala, a California state prisoner, appeals pro se the district court's dismissal of his 28 U.S.C. Sec. 2254 habeas petition. Ayala is challenging his 1989 conviction for kidnapping, forcible oral copulation, and rape. We review de novo, Henry v. Estelle, 993 F.2d 1423, 1425 (9th Cir.1993), and vacate and remand.
 
 
 3
 A presumption of correctness attaches to a state court's factual findings but not to a state court's determinations of mixed questions of law and fact. 28 U.S.C. Sec. 2254(d); Hamilton v. Vasquez, 882 F.2d 1469, 1470-71 (9th Cir.1989). A district court has a sua sponte duty to obtain and review the relevant portions of the state court record when the petition raises mixed issues of law and fact. Id.; Reiger v. Christensen, 789 F.2d 1425, 1428-29 (9th Cir.1986). "We may not affirm a district court's denial of a writ of habeas corpus unless the court either held an evidentiary hearing, or the record shows that the district court independently reviewed the relevant portions of the state court record." Lincoln v. Sunn, 807 F.2d 805, 808 (9th Cir.1987); see Reiger, 789 F.2d at 1428.
 
 
 4
 Here, Ayala alleged he was denied the effective assistance of counsel, which is a mixed question of law and fact. See Reiger, 789 F.2d at 1428. The district court neither conducted an evidentiary hearing, nor did it obtain and independently review the relevant portions of the state court record. See Lincoln, 807 F.2d at 808.[1] Accordingly, we vacate the district court's judgment and remand to the district court with instructions to review the relevant portions of the state court record and to determine whether an evidentiary hearing is required. See Reiger, 789 F.2d at 1429.
 
 
 5
 VACATED AND REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Even though the district court cited the transcript, it appears that the court may have relied on Ayala's brief for these citations. The district court determined that Ayala had not demonstrated prejudice "based on a review of the evidence in the record" rather than an independent review of the state court record. Moreover, nothing in the district court record indicates that the district court obtained any portion of the state court record. We cannot rest assured that an independent review of the relevant portions of the state court record was conducted in this case. See Lincoln, 807 F.2d at 808