**Anthony Lee CHANEY,
Petitioner-Appellant,**

v.

**Samuel LEWIS, Director, Arizona Department of Corrections; and Lloyd E. Bramlett, Superintendent, Arizona State Prison, Respondents-Appellees.**

No. 85–2664.

United States Court of Appeals,
Ninth Circuit.

Argued June 10, 1986.

Submitted Aug. 15, 1986.

Decided Oct. 9, 1986.

As Amended on Denial of Rehearing
Nov. 28, 1986.

---

Michael V. Stuhff, Las Vegas, Nev., for petitioner-appellant.

William J. Schafer, III, Chief Counsel, Diane M. Ramsey, Asst. Atty. Gen., Dept. of Law, Phoenix, Ariz., for respondents-appellees.

Before MERRILL and CHOY, Senior Circuit Judges, and KENNEDY, Circuit Judge.

CHOY, Senior Circuit Judge:

Anthony Lee Chaney appeals the summary denial of his habeas corpus petition. Chaney filed his petition pursuant to 28 U.S.C. § 2254 to challenge his murder conviction and death sentence. We affirm the dismissal of Chaney's purely legal claims regarding the unconstitutionality of Arizona's death penalty statute and his right to counsel in his habeas petition as well as the dismissal of his factual claims regarding juror bias and improper denial of a change of venue or restriction of venire pool because of local prejudice. We reverse the district court's summary dismissal of the remaining issues raised in Chaney's habeas petition.

## FACTUAL & PROCEDURAL BACKGROUND

Chaney and a female companion entered the state of Arizona in a stolen truck. They were stopped by a Coconino County sherriff's deputy who called in a description of the truck to the dispatcher and asked Chaney for identification. Chaney pointed a gun at the deputy while Chaney's companion removed the deputy's firearm. Chaney then handcuffed the deputy to a nearby tree and drove away.

In the meantime, the dispatcher determined that the truck Chaney was driving had been stolen and tried to so inform the deputy. When unable to do so, the dispatcher notified a second officer.

The second officer spotted Chaney's truck approaching his own patrol car along a dirt road. When Chaney saw the officer, he jumped out with his gun and fired over thirty bullets at the advancing officer's vehicle. One bullet nearly severed the officer's arm. When Chaney was nine feet behind the officer, he fired again, leaving powder burns on the victim's body. Chaney left the dying officer and drove away. The officer, a doctor and part-time deputy, was conscious for about thirty minutes after the attack, during which time he was fully aware of his impending death.

State police apprehended Chaney after he stole another pickup truck from two boys in the area. Chaney was tried and convicted by an Arizona state court jury of first degree murder, kidnapping, aggravated assault, aggravated robbery, burglary, and theft and was sentenced to death for the murder conviction. The Arizona Supreme Court upheld the murder conviction and death sentence.

Chaney then filed a petition for writ of habeas corpus in federal district court. The district judge summarily denied Chaney's petition without conducting an evidentiary hearing. Chaney contends that the district court erred in dismissing his petition without first reviewing the state court record or conducting an evidentiary hearing.

## DISCUSSION

A district court's decision on a petition for a writ of habeas corpus is reviewed *de novo*. *Chatman v. Marquez*, 754 F.2d 1531, 1533 (9th Cir.), *cert. denied,* —— U.S. ——, 106 S.Ct. 124, 88 L.Ed.2d 101 (1985).

### I. *Applicability of Austad v. Risley.*

Chaney challenges the district court's summary dismissal of the claims raised in his habeas petition, including: 1) the unconstitutionality of Arizona's death penalty statute; 2) the denial of access to a compentent psychiatrist to assist in the preparation of his defense; 3) the district court's failure to appoint counsel in Chaney's petition for writ of habeas corpus; 4) improper exclusion of a juror because of her scruples about the death penalty; 5) improper denial of a change of venue or a restriction of the venire pool to exclude Flagstaff and Sedona communities because of local prejudice; 6) improper restriction of voir dire concerning the jurors' view of the insanity defense and neurological illness; 7) violation of Chaney's right to remain silent; 8) improper restriction of Chaney's right to cross-examine a prosecution witness; and 9) the State's failure to preserve exculpatory evidence.

Chaney contends that the district court erred in summarily denying his petition without holding an evidentiary hearing or first reviewing the state court record. A district court's denial of a habeas corpus petition may not be affirmed unless the record on appeal indicates that the court independently reviewed all relevant portions of the state court record. *Johnson v. Lumpkin*, 769 F.2d 630, 636 (9th Cir.1985); *Rhinehart v. Gunn*, 598 F.2d 557, 558 (9th Cir.1979). The district court could not rely on the Arizona Supreme Court's opinion as a substitute for independent review of the state court record. *See Rhinehart v. Gunn*, 598 F.2d at 558.

Nothing in the record on appeal indicates that the district court independently reviewed the state court record. At most, the record shows that the court reviewed Chaney's petition: "In reviewing the peti-

tion, it is determined that the Arizona Supreme Court applied the proper legal standard." However, nothing in the record shows that Chaney presented the state court record for the district court's review. The issue before us is whether the district court was obliged to obtain *sua sponte* and examine the state court record before ruling on Chaney's petition.

### A. *Factual questions.*

As a threshold matter, we must determine whether the state court findings challenged in Chaney's habeas petition are factual in nature. *Austad v. Risley,* 761 F.2d 1348, 1350 (9th Cir.) (en banc), *cert. denied,* —— U.S. ——, 106 S.Ct. 163, 88 L.Ed.2d 135 (1985). If they are, 28 U.S.C. § 2254(d) requires a federal habeas court to accord such findings a presumption of correctness unless the petitioner establishes certain defects to overcome the presumption. *Id.* at 1350. As to purely factual issues, a district court is under no duty to *sua sponte* obtain and review the state court record. *Id.* at 1350.

■ A determination of a juror's partiality or bias and the extent to which pretrial publicity was prejudicial are factual determinations to which 2254(d)'s presumption of correctness applies. *Patton v. Yount,* 467 U.S. 1025, 104 S.Ct. 2885, 2891, 81 L.Ed.2d 847 (1984); *Austad,* 761 F.2d at 1350. As to these issues, therefore, Chaney had the burden of providing the district court with the relevant portions of the state court record, or of showing his inability to do so. The district court properly dismissed Chaney's challenge to these factual determinations because Chaney failed to overcome the section 2254(d) presumption.

### B. *Questions not purely factual.*

The section 2254(d) restrictions on federal court review of habeas petitions apply only to issues of fact found by state courts. *Fendler v. Goldsmith,* 728 F.2d 1181, 1190 n. 21 (9th Cir.1983). The presumption of correctness does not extend to federal court review of state decisions regarding either purely legal questions or mixed questions of fact and law. *Id.* Rather, the federal court reviews such non-factual questions *de novo.*

*Butcher v. Marquez,* 758 F.2d 373, 376 (9th Cir.1985); *see also Fendler,* 728 F.2d at 1190 n. 21 (federal court obliged to conduct complete and independent review of all purely legal or mixed fact and law questions raised by habeas corpus petition).

#### 1. *Legal questions.*

As to purely legal questions, review of the state court record is unnecessary. The district court must examine the state court record only when the petition raises issues of fact, which if resolved in favor of the petitioner would entitle the petitioner to relief. *See Duncan v. Carter,* 299 F.2d 179, 181 (9th Cir.), *cert. denied,* 370 U.S. 952, 82 S.Ct. 1602, 8 L.Ed.2d 818 (1962).

■ Chaney's claim that the Arizona death penalty statute is unconstitutional on its face and his claim that he was entitled to representation by counsel on his habeas petition are purely legal questions. We hold that the district court was under no obligation to obtain and examine the state court record in disposing of these issues of law.

Chaney's claim that the Arizona death penalty statute was unconstitutional as applied is arguably a mixed question of fact and law. However, Chaney does not dispute the facts surrounding his killing of the deputy. He merely claims that the state court erred in its application of the statute to the facts of his case. Since Chaney's claim raises no factual issues, his challenge to the constitutionality of the Arizona death penalty statute as applied is a purely legal question. We conclude that in the circumstances of this case, the district court was under no duty to obtain and review the state court record before ruling on Chaney's claim that the statute was unconstitutional as applied.

#### 2. *Mixed questions of fact and law.*

■ While the district court is under no duty to obtain *sua sponte* and review the state court record in disposing of either purely factual or purely legal questions, it does have such a duty as to mixed questions of fact and law. *See Reiger v. Christensen,* 789 F.2d 1425, 1428–29 (9th Cir.1986). As mentioned above, rather than give a pre-

sumption of correctness to state court decisions on mixed questions of fact and law, a federal court reviews such decisions *de novo*. *Butcher v. Marquez*, 758 F.2d 373, 376 (9th Cir.1985). It is obligated to conduct a complete and independent review of the state court record. *See Fendler*, 728 F.2d at 1190 n. 21; *Richmond v. Ricketts*, 774 F.2d 957, 961 (9th Cir.1985). Consequently, we conclude that the district court erred in dismissing the remainder of the claims raised in Chaney's habeas petition without first obtaining and examining the state court record.

## II. *Death Penalty.*

■ Chaney challenges the constitutionality of Arizona's death penalty statute, Ariz.Rev.Stat.Ann. § 13–703(F)(6), on its face and in its application. This section provides for imposition of the death penalty if "the defendant committed the offense in an especially heinous, cruel, or depraved manner." *Id.* The statute is not unconsitutional on its face. Although the statutory language is broad, as any murder could be considered cruel, heinous, or depraved, the Arizona Supreme Court need not construe the statute open-endedly. *See Gregg v. Georgia*, 428 U.S. 153, 201, 96 S.Ct. 2909, 2938, 49 L.Ed.2d 859 (1976) (Georgia statute imposing death penalty if murder was "outrageously or wantonly vile, horrible or inhuman in that it involved torture, depravity of mind, or an aggravated battery to the victim," not facially unconstitutional).

■ Chaney also contends that the Arizona Supreme Court has not limited sentencing discretion under section 13–703 to prevent arbitrary or capricious imposition of the death penalty. The Eighth andFourteenth Amendments prohibit imposing capital punishment in an arbitrary or capricious manner. *Furman v. Georgia*, 408 U.S. 238, 309–10, 92 S.Ct. 2726, 2762–63, 33 L.Ed.2d 346 (1972) (Stewart, J., concurring); *Gregg*, 428 U.S. at 189, 96 S.Ct. at 2932, 49 L.Ed.2d 859 (1976). A state must channel the sentencer's discretion by "clear and objective standards," *Gregg*, 428 U.S. at 198, 96 S.Ct. at 2936 (quoting *Coley v. State*, 231 Ga. 829, 834, 204 S.E.2d 612, 615 (1974)), that

provide "specific and detailed guidance," *Proffitt v. Florida*, 428 U.S. 242, 253, 96 S.Ct. 2960, 2967, 49 L.Ed.2d 913 (1976) (plurality), and that "make rationally reviewable the process for imposing a sentence of death," *Woodson v. North Carolina*, 428 U.S. 280, 303, 96 S.Ct. 2978, 2990, 49 L.Ed.2d 944 (1976) (plurality).

The Arizona Supreme Court appears to have sufficiently channeled sentencing discretion to prevent arbitrary and capricious capital sentencing decisions. The court has defined each of the factors set forth in section 13–703(F)(6). *See State v. Gretzler*, 135 Ariz. 42, 659 P.2d 1, 9–12, *cert. denied*, 461 U.S. 971, 103 S.Ct. 2444, 77 L.Ed.2d 1327 (1983) ("cruelty" involves infliction of physical and/or mental pain on victim and "depraved" and "heinous" involves killer's state of mind). These definitions have been applied consistently. *See State v. Rossi*, 146 Ariz. 359, 706 P.2d 371 (1985) (en banc); *State v. Bracy*, 145 Ariz. 520, 703 P.2d 464 (1985), *cert. denied*, —— U.S. ——, 106 S.Ct. 898, 88 L.Ed.2d 932 (1986); *State v. Hooper*, 145 Ariz. 538, 703 P.2d 482 (1985), *cert. denied*, —— U.S. ——, 106 S.Ct. 834, 88 L.Ed.2d 805 (1986); *State v. Martinez-Villareal*, 145 Ariz. 441, 702 P.2d 670, *cert. denied*, —— U.S. ——, 106 S.Ct. 339, 88 L.Ed.2d 324 (1985).

In the case at bar, the Arizona Supreme Court has affirmed a death sentence consistent with the criteria it set forth in previous decisions. The record shows that the murder was cruel. The victim was fully conscious after Chaney shot him and knew of his impending death. The victim suffered great pain before his death. The murder was heinous and depraved. Chaney shot a helpless victim from behind when Chaney could instead have made his escape. Application of the death sentence here was not inconsistent with Arizona law as set forth by the Arizona Supreme Court. *Cf. Godfrey v. Georgia*, 446 U.S. 420, 100 S.Ct. 1759, 64 L.Ed.2d 398 (1980) (death sentence invalid because circumstances of murder did not satisfy criteria laid out by state supreme court). Chaney's petition fails to establish that Arizona's

death penalty statute is unconstitutional on its face or as it was applied here.

### III. *Right to Counsel.*

Chaney argues that the district court erred in failing to appoint counsel in his petition for writ of habeas corpus. In *Anderson v. Heinze*, 258 F.2d 479, 481 (9th Cir.), *cert. denied*, 358 U.S. 889, 79 S.Ct. 131, 3 L.Ed.2d 116 (1958), this court held that the Sixth Amendment right to counsel does not apply in habeas corpus actions.[1] Indigent state prisoners applying for habeas corpus relief are not entitled to appointed counsel unless the circumstances of a particular case indicate that appointed counsel is necessary to prevent due process violations. *Kreiling v. Field*, 431 F.2d 638, 640 (9th Cir.1970) (per curiam); *Eskridge v. Rhay*, 345 F.2d 778, 782 (9th Cir.1965), *cert. denied*, 382 U.S. 996, 86 S.Ct. 582, 15 L.Ed.2d 483 (1966). The district court has discretion to appoint counsel for indigents when it determines "that the interests of justice so require." 18 U.S.C. § 3006A(g).

■ Nothing in Chaney's petition indicates that his due process rights were violated or that the district court abused its discretion in denying Chaney's request for counsel. Nevertheless, while we cannot say that the district court erred in failing to appoint counsel given its view of the case as it was presented to the court, we do feel that our holdings have now placed the case in a different posture and increased the complexities of the issues with which the district court must deal on remand. This fact, together with the fact that this is a death penalty case, move us to conclude that, in the interests of justice, counsel should be appointed by the district court to represent Chaney in all further proceedings.

### CONCLUSION

The district court did not err in failing to obtain and review the state court record

before dismissing Chaney's claims concerning juror bias or local prejudice because of pretrial publicity. Juror bias and local prejudice are factual questions to which 28 U.S.C. § 2254(d)'s presumption of correctness applies, and because Chaney did not overcome this presumption, we affirm the district court's dismissal as to these claims.

The district court was under no duty to obtain and examine the state court record before dismissing Chaney's purely legal claims concerning the unconstitutionality of Arizona's death penalty statute or his right to representation by counsel in his habeas petition.

The Arizona statute is not unconstitutional on its face or as applied to the facts of this case. Since nothing in Chaney's petition indicates that his due process rights were violated or that the district court abused its discretion in denying Chaney's request for counsel, the district court did not err in failing to appoint counsel in Chaney's petition for writ of habeas corpus. However, given the complexities of the issues with which the district court must deal on remand, as well as the fact that this is a death penalty case, counsel should be appointed by the district court to represent Chaney in all further proceedings.

The district court did have the duty to *sua sponte* obtain and examine the state court record as to mixed questions of fact and law. We therefore reverse the district court's summary dismissal of the remaining claims raised in Chaney's petition and remand to the district court for reconsideration.

AFFIRMED in part, REVERSED and REMANDED in part.

1. The *Anderson* court reasoned that a habeas peition was a civil, not criminal, proceeding, and was not within the scope of the Sixth Amendment. 258 F.2d at 481. Classification of proceedings as civil or criminal when determining whether Sixth Amendment rights apply has been criticized. *See Dillon v. United States*, 307 F.2d 445, 446 n. 3 (9th Cir.1962). But other

justifications have been offered for excluding habeas proceedings from Sixth Amendment scrutiny, including habeas proceedings "follow the original criminal proceedings at every stage for which counsel has been provided; they are not a part of the basic processes for determining guilt; they may be resubmitted; and they are frequently frivolous." *Id.* (citations omitted).