951 F.2d 362
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Nick ROMO, Petitioner-Appellant,
v.
Robert GOLDSMITH, Warden; Robert K. Corbin, Attorney
General, Respondents-Appellees.
 No. 89-16730.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 5, 1991.*
Decided Dec. 12, 1991.
 
 Before POOLE, REINHARDT and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Nick Romo, a state prisoner incarcerated at the Arizona State Prison Complex in Florence, Arizona, appeals from the dismissal of his pro se habeas corpus petition.
 
 
 3
 Romo filed his initial habeas petition on June 19, 1989. The handwritten petition, however, was incomprehensible. On June 29, the district court dismissed the petition with leave to amend within thirty days. Romo filed an amended petition on July 12. His amended habeas petition appeared to allege that he was entitled to be released from prison because he had served twenty years of his life sentence and that he had been denied access to the governor of Arizona during his parole hearing. On July 24, the district court dismissed the amended habeas petition, again with leave to amend within thirty days. Romo did not file another amended petition within this time period. Accordingly, on September 11, the district court dismissed his habeas petition, without providing any opportunity for further amendment.
 
 
 4
 Romo appealed the district court's dismissal order on September 20. The bases for Romo's appeal, however, are unclear. Nevertheless, "[t]he Supreme Court has instructed the federal courts to liberally construe the 'inartful pleading' of pro se litigants." Eldridge v. Block, 832 F.2d 1132, 1137 (9th Cir.1987) (quoting Boag v. MacDougall, 454 U.S. 364, 365 (1982)). Expansively construed, Romo's informal brief (1) reiterates the claims made before the district court, and (2) asserts a deprivation of Romo's right to counsel because he was not provided with appointed representation when he prepared his habeas petition.
 
 
 5
 Although Romo continues to believe that his claims before the district court were meritorious, the district court did not base its adjudication on the merits; rather, it dismissed Romo's petition for failure to file a timely amended petition. "This court reviews a district court's decision to dismiss an action for failure to file an amended complaint in a timely manner for abuse of discretion." Eldridge, 832 F.2d at 1136. Romo does not deny that he failed to file an amended petition within the time proscribed by the district court, nor does he give a reason for this failure except for his lack of access to appointed counsel. Our review of the record supports the district court's decision to dismiss Romo's amended habeas petition with leave to amend. Thus, unless the district court erred when it failed to appoint counsel for Romo, the district court's action does not appear to constitute an abuse of discretion.
 
 
 6
 We previously have held that neither the Sixth Amendment nor the due process clause requires the automatic appointment of counsel whenever state prisoners file a habeas corpus petition. See Knaubert v. Goldsmith, 791 F.2d 722, 728-30 (9th Cir.) (per curiam), cert. denied, 479 U.S. 867 (1986); see also Coleman v. Thompson, 111 S.Ct. 2546, 2566 (1991). Prisoners nevertheless may have a federal constitutional and statutory right to assistance of appointed counsel in habeas cases in some instances. See Knaubert at 728-29; 18 U.S.C. § 3006(A)(g) (permitting a district court to appoint counsel whenever "the court determines that the interests of justice so require"); see also Terrovona v. Kincheloe, 912 F.2d 1176, 1181-2 (9th Cir.1990) ("We assess the district court's exercise of discretion by determining whether denial of appointed counsel amounted to a violation of due process.") (citing Knaubert ). However, "[u]nless an evidentiary hearing is required, the decision to appoint counsel is within the discretion of the district court." Knaubert, 791 F.2d at 728.
 
 
 7
 Romo asserts only that he was entitled to counsel because he did not understand how to fill out the standard "form" habeas petition provided to him by the district court. By itself, this assertion is not sufficient to demonstrate that the district court's actions constitute an abuse of discretion. See Chaney v. Lewis, 801 F.2d 1191, 1196 (9th Cir.1986), cert. denied, 481 U.S. 1023 (1987) ("Nothing in Chaney's petition indicates that his due process rights were violated or that the district court abused its discretion in denying Chaney's request for counsel."). Romo's claims--several of which at least border on the frivolous--do not raise an issue of substantial importance sufficient to require automatic appointment of counsel.
 
 
 8
 Accordingly, the decision of the district court is AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3