972 F.2d 1340
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Dawud Halisi MALIK, Petitioner-Appellant,
v.
Kenneth DUCHARME, Respondent-Appellee.
 No. 91-36264.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 6, 1992.*
Decided Aug. 12, 1992.
 
 Before ALARCON, RYMER and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Dawud Malik appeals the district court's denial of his fourth petition for a writ of habeas corpus. We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. We review the district court's denial de novo, Harris v. Vasquez, 949 F.2d 1497, 1510 (9th Cir.1990), cert. denied, 112 S.Ct. 1275 (1992), and we affirm.
 
 
 3
 * In his petition, Malik claims that he received ineffective assistance of counsel at his trial because his attorney failed to call certain alibi witnesses, and that he was subject to an unduly suggestive line-up. The district court adopted the magistrate judge's report and recommendation and rejected both claims.
 
 
 4
 The ineffective assistance claim was dismissed on the ground that the district court, in ruling on Malik's second habeas petition, had previously rejected that claim on the merits. Citing McCleskey v. Zant, 111 S.Ct. 1454 (1991), the district court dismissed the suggestive line-up claim as an abuse of the writ pursuant to Rule 9(b) of the Rules Governing Habeas Corpus Cases Under § 2254, because Malik had failed to raise this claim in either his first or second habeas petition. The court then denied Malik's motion for appointment of counsel and denied the entire petition without an evidentiary hearing.
 
 II
 
 5
 Malik first argues that the district court erred in dismissing his claim of ineffective assistance of counsel. This argument lacks merit. Rule 9(b) "allows dismissal of a 'successive' petition if it fails to allege a 'new or different ground for relief and the prior determination was on the merits.' " Campbell v. Blodgett, No. 89-35210, slip op. 3269, 3293 (9th Cir. Apr. 1, 1992) (quoting Rule 9(b)). Accordingly, the district court has discretion to "dismiss a petition as successive if the ground for relief was previously raised, the prior determination was on the merits, and the ends of justice do not demand a redetermination." Id.; see also Harris, 949 F.2d at 1511. Because the district court previously addressed the merits of this claim in Malik's second petition, and because Malik has not met his burden of proving that the ends of justice demand a redetermination, see Campbell, slip op. at 3293-94, the district court's dismissal of this claim was proper.[1]
 
 
 6
 Malik next contends that the district court erred in dismissing his unduly suggestive line-up claim as abusive of the writ under Rule 9(b). This argument also lacks merit. In McCleskey, the Supreme Court held that
 
 
 7
 the doctrine of abuse of the writ barred a prisoner from asserting a constitutional claim in a subsequent federal habeas corpus proceeding when he had not raised the claim in his initial federal application and could not show either good cause for failing initially to raise the claim and prejudice resulting from such failure, or that a fundamental miscarriage of justice would result if the claim were not entertained.
 
 
 8
 Brown v. Vasquez, No. 90-56127, slip op. 1619, 1626-27 (9th Cir. Feb. 19, 1992) (footnote omitted); see also Harris, 949 F.2d at 1511-12.
 
 
 9
 Malik now argues that there was good cause for his failure to raise this claim in his first or second habeas petition. Cause, however, "requires a showing of some external impediment preventing counsel from constructing or raising a claim." McCleskey, 111 S.Ct. at 1472 (quoting Murray v. Carrier, 477 U.S. 478, 492 (1986)); see also Harris, 949 F.2d at 1513-14. Malik has failed to demonstrate that any external impediment existed which prevented him from presenting the line-up claim in his initial habeas proceeding.[2]
 
 
 10
 Malik also argues that the failure to allow successive petitions would result in a fundamental miscarriage of justice because he has presented evidence of his actual innocence. While a fundamental miscarriage of justice will be found in those "extraordinary instances when a constitutional violation probably has caused the conviction of one innocent of the crime," McCleskey, 111 S.Ct. at 1470, the district court need only permit a successive petition on this ground if the petitioner makes a "colorable showing of factual innocence." Id. at 1471.
 
 
 11
 Malik contends that additional witnesses, if they had testified at trial, would have provided Malik with an alibi. Malik also relies on the 1977 affidavit of his co-defendant, Leodis Smith, in which Smith asserts that Malik is innocent of the crimes for which he was convicted. After reviewing the record, however, we conclude that Malik has failed to make a sufficient showing of factual innocence to fall within the narrow miscarriage of justice exception. Malik's speculation pertaining to the testimony of uncalled witnesses, coupled with the Smith affidavit, is inadequate to satisfy Malik's burden of demonstrating that a constitutional violation probably caused him to be convicted despite his innocence. Accordingly, the district court properly based its dismissal on Malik's abuse of the writ.
 
 III
 
 12
 Malik next argues that Judge McGovern, who ruled on Malik's second habeas petition in 1980, abused his discretion when he failed to recuse himself. Malik raised this argument for the first time in his motion to reconsider the district court's dismissal of the second habeas petition. Malik failed, however, to raise this issue in the district court during the current proceedings.
 
 
 13
 "Our general rule is that we will not consider issues raised for the first time on appeal." United States v. Carlson, 900 F.2d 1346, 1349 (9th Cir.1990). We have recognized a narrow exception to this rule when "there are 'exceptional circumstances' why the issue was not raised in the [district] court." Id. Because Malik has failed to show any exceptional circumstances why the issue was not raised in the district court, we decline to consider this argument on appeal.
 
 IV
 
 14
 Finally, Malik asserts that the district court erred when it declined to grant Malik's motion for appointment of counsel. Indigent prisoners such as Malik, who are petitioning for habeas relief, "are not entitled to appointed counsel unless the circumstances of a particular case indicate that appointed counsel is necessary to prevent due process violations." Chaney v. Lewis, 801 F.2d 1191, 1196 (9th Cir.1986), cert. denied, 481 U.S. 1023 (1987). Additionally, the "district court has discretion to appoint counsel for indigents when it determines 'that the interests of justice so require.' " Id. (quoting 18 U.S.C. § 3006A(g)).
 
 
 15
 Given the facts of this case, however, we have no indication that an appointment of counsel was needed to protect Malik's due process rights. Also, nothing in the record demonstrates that the district court abused its discretion in denying Malik's request. Accordingly, we reject Malik's claim that the district court erred by failing to appoint counsel.
 
 
 16
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 To the extent that Malik argues that the district court erroneously dismissed this claim pursuant to the abuse of the writ doctrine established in McCleskey, 111 S.Ct. 1454, his argument is misplaced. The district court dismissed this claim as successive because it had been decided on the merits in a previous habeas proceeding; it did not apply the McCleskey abuse of the writ analysis
 
 
 [2]
 As the magistrate judge correctly noted, an argument that this claim was withheld from the first two petitions because Malik had failed to exhaust his state remedies would not be sufficient to show cause under the McCleskey standard. See generally McCleskey, 111 S.Ct. at 1472 (discussing types of external impediments which would establish cause)