972 F.2d 1348
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Hector G. VENTO, Petitioner-Appellant,
v.
George DEEDS, Respondent-Appellee.
 No. 91-16567.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 12, 1992.*
Decided Aug. 17, 1992.
As Amended on Denial of Rehearing Oct. 1, 1992.
 
 Before BRUNETTI, RYMER and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Hector G. Vento, a Nevada state prisoner, appeals pro se the district court's denial of his 28 U.S.C. § 2254 habeas petition. Vento was convicted following a jury trial of attempted murder in the first degree with use of a deadly weapon. We have jurisdiction under 28 U.S.C. § 2253 and review the denial de novo. Norris v. Risley, 878 F.2d 1178, 1180 (9th Cir.1989). We affirm.
 
 Evidentiary Hearing
 
 3
 Vento's first assignment of error is that the district court erred by dismissing his habeas petition without first holding an evidentiary hearing. The district court must hold an evidentiary hearing if (1) the petitioner's allegations, if they were true, would entitle him to relief, and if (2) the state court trier of fact has not, after a full and fair hearing, reliably found the relevant facts. Townsend v. Sain, 372 U.S. 293, 312-13 (1963); see also Bashor v. Risley, 730 F.2d 1228, 1233 (9th Cir.1984), cert. denied, 469 U.S. 838 (1984). When a district court denies a petition without an evidentiary hearing, it must make specific findings and conclusions in order to show that it has independently reviewed the record. Lincoln v. Sunn, 807 F.2d 805, 808-09 (9th Cir.1987). This review is necessary, however, only if the petitioner raises issues of fact or mixed issues of fact and law which would entitle him to relief if found in his favor. Chaney v. Lewis, 801 F.2d 1191, 1194 (9th Cir.1986), cert. denied, 481 U.S. 1023 (1987).
 
 
 4
 Vento raised seven claims in his federal habeas petition. In his first claim, Vento contends that the trial court erred by admitting testimony from a witness who stated that Vento shot him five minutes prior to shooting the police officer, the offense for which Vento was tried. The trial court allowed the testimony so that the prosecution could show intent for the later shooting. The district court properly limited review of the claim to the question of whether the admission of the evidence rendered Vento's trial fundamentally unfair. Jammal v. Van de Kamp, 926 F.2d 926 (9th Cir.1991) (it is not the function of a district court on habeas review to determine whether state evidentiary violations occurred at trial). The district court concluded that the jury could reasonably infer that Vento shot the officer in an attempt to escape arrest for the prior shooting, and therefore the admission of the evidence did not render Vento's trial fundamentally unfair. The district court's refusal to grant an evidentiary hearing was proper because this claim is purely a matter of law and petitioner does not make out any factual allegations which would entitle him to relief if proved. Townsend v. Sain, 372 U.S. at 312-13 (1963); Chaney v. Lewis, 801 F.2d at 1194.
 
 
 5
 Claims two through seven were procedurally barred by the Nevada Supreme Court. The district court determined that Vento had defaulted on these claims. Vento filed a motion for a "cause and prejudice" hearing in accordance with Buffalo v. Sunn, 854 F.2d 1158 (9th Cir.1988), which the district court properly denied after finding that Vento could not establish cause and prejudice.[1] The district court need not have granted an evidentiary hearing to determine the merits of these claims. Townsend v. Sain, 372 U.S. at 312-13.
 
 Procedural Default
 
 6
 Vento assigns error to the District Court's finding that claims two through seven of his habeas petition were procedurally defaulted. A federal court is prohibited from considering habeas claims where the state court declines to reach the merits of the claims by invoking a procedural bar. See Murray v. Carrier, 477 U.S. 478 (1986). Only upon a showing of cause and prejudice is a federal court permitted to reach the merits of such claims. Murray, 477 U.S. at 492.
 
 
 7
 Vento filed two state habeas corpus petitions, the second of which contained the claims at issue in his federal petition. These claims are:
 
 
 8
 (1) that defense counsel wrongly waived Vento's right to confront a witness;
 
 
 9
 (2) that Vento was not informed of the nature and cause of the accusation against him;
 
 
 10
 (3) that the prosecutor knowingly used false testimony;
 
 
 11
 (4) that the prosecution failed to disclose evidence favorable to the defense;
 
 
 12
 (5) that, because Vento was a juvenile, the trial court was without jurisdiction to try him; and
 
 
 13
 (6) that Vento was denied effective assistance of counsel at trial.
 
 
 14
 The Nevada Supreme Court dismissed Vento's second petition on procedural grounds, stating that Vento should have either raised the claims on direct appeal or on his first state habeas petition. The district court properly found that Vento had procedurally defaulted upon his claims.
 
 
 15
 The district court then ordered Vento to show cause and prejudice for his procedural default. Vento argued that he did not raise the claims on direct appeal due to the ineffectiveness of his appellate counsel. He did not attempt to show cause for failing to raise the claims on his first state habeas petition. The district court, after examining the claims, found that Vento's appellate counsel was not ineffective in failing to raise these claims under Strickland v. Washington, 466 U.S. 668 (1984). Specifically, the court found that Vento's appellate counsel declined to raise these additional claims in order to focus the court's attention on the two claims that he did raise on appeal. We agree with the District Court that Vento's appellate counsel was not ineffective. Therefore, we affirm the district court's dismissal of claims two through seven of Vento's habeas petition because Vento has failed to establish cause for failing to raise the claims earlier. Murray, 477 U.S. at 492.
 
 AFFIRMED
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Whether the district court properly determined that Vento defaulted upon these claims will be treated separately