995 F.2d 235
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Eric William ZESSMAN, Petitioner-Appellant,
v.
George SUMNER, Respondent-Appellee,
 No. 91-15386.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 12, 1993.*
Decided May 27, 1993.
 
 1
 Before: CANBY and BRUNETTI, Circuit Judges, and WILSON,** District Judge.
 
 
 2
 MEMORANDUM***
 
 FACTS AND PROCEEDINGS BELOW
 
 3
 Zessman was arrested and held on an open murder charge for the death of his infant son. At the arraignment, the trial judge stated that the open murder Information charged second degree murder. However, the trial judge revised his opinion just prior to trial, concluding that the Information also charged first degree murder. Zessman's co-defendant then moved to continue the trial to allow time to prepare a defense against the first degree charge. The trial judge denied the motion and the jury subsequently convicted Zessman of first degree murder.
 
 
 4
 On appeal, the Nevada Supreme Court modified the first degree murder conviction, finding that the trial judge denied Zessman's due process rights by refusing to grant the requested continuance. However, the court found that sufficient evidence supported a conviction for the lesser included offense of second degree murder and remanded for resentencing. Zessman v. State, 94 Nev. 28, 573 P.2d 1174 (1978). On remand, the lower court sentenced Zessman to life with possibility of parole.
 
 
 5
 Zessman filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 in the U.S. District Court for the District of Nevada on June 9, 1986. He argued that the trial court's denial of his motion for continuance violated his Sixth Amendment right and that the evidence did not support a finding of premeditation. E.R. 1-10. The district court denied the petition, finding that the Nevada Supreme Court granted the relief requested in its modification of Zessman's conviction. E.R. 17-20.
 
 
 6
 On appeal, this Court reversed and remanded. This Court found that the Nevada Supreme Court had cured any constitutional defect, "unless Zessman [could] establish a reliable inference that the presence of the first degree murder charge prejudiced his defense to second degree murder." E.R. 23. Citing Morris v. Mathews, 475 U.S. 237 (1986), this Court remanded "to give Zessman an opportunity to demonstrate a reasonable probability that he would not have been convicted of second degree murder absent the presence of the first degree murder charge." Id. This Court also remanded on two related factual issues: whether Zessman was represented by counsel at oral argument in front of the Nevada Supreme Court and whether the jury received instructions on the lesser included offense of second degree murder. Id.
 
 
 7
 In Zessman's Brief on Remand, his counsel listed the three issues to be addressed. For the Morris v. Mathews inquiry he stated the issue as "Whether petitioner can establish a reliable inference that the presence of the first-degree murder charge prejudiced his defense to second degree murder." Petitioner-Appellant's Opening Brief on Remand at 3, attached to Reply Brief. In his discussion of this issue, Zessman's counsel attempted to distinguish Morris (more specifically, the finding in Morris that the defendant did not deserve a new trial) rather than arguing that the outcome of the trial would have been different without the presence of the first degree charge. Id. at 7-9. The District Court Judge denied the petition, finding that Zessman had "completely failed to demonstrate prejudice resulting from the presence of the first degree murder charge at the trial." E.R. 32. Zessman has brought this appeal claiming that counsel's failure to address prejudice constitutes ineffective assistance of counsel.
 
 STANDARD OF REVIEW
 
 8
 We review the district court's denial of Zessman's petition for a writ of habeas corpus de novo. Norris v. Risley, 878 F.2d 1178, 1180 (9th Cir.1989).
 
 DISCUSSION
 
 9
 Zessman contends that he did not receive effective assistance of counsel because his attorney failed to address the prejudice issue remanded by this Court for further briefing. This Court must reject Zessman's ineffectiveness claim because he does not have a constitutional right to raise such a claim.
 
 
 10
 The Supreme Court has held that the right to effective assistance of counsel derives from the right to counsel itself. Wainwright v. Torna, 455 U.S. 586, 587-88 (1982) ("Since respondent had no constitutional right to counsel, he could not be deprived of the effective assistance of counsel."). See also Miller v. Keeney, 882 F.2d 1428, 1432 (9th Cir.1989) ("Because Miller had no constitutional right to counsel in connection with the filing of a certiorari petition, he had no constitutional right to the effective assistance of counsel for that purpose.").
 
 
 11
 This Court has held that the Sixth Amendment right to counsel does not apply in habeas corpus actions. Chaney v. Lewis, 801 F.2d 1191, 1196 (9th Cir.1986), cert. denied, 481 U.S. 1023 (1987) (in context of 28 U.S.C. § 2254 habeas action); Knaubert v. Goldsmith, 791 F.2d 722, 728 (9th Cir.), cert. denied, 479 U.S. 867 (1986) (same). See generally Pennsylvania v. Finley, 481 U.S. 551, 555 (1987) (no right to counsel for collateral attacks on conviction). As Zessman did not have a right to counsel for his § 2254 habeas action, he cannot claim ineffective assistance of counsel during that action.
 
 
 12
 This Court has held that a federal prisoner who brings a habeas action under 28 U.S.C. § 2255 cannot raise an ineffective assistance of counsel claim based on his attorney's representation in that action. United States v. Angelone, 894 F.2d 1129, 1130 (9th Cir.1990). It has also recognized that a state prisoner who brings a habeas action under 28 U.S.C. § 2254 cannot raise such a claim. Harris v. Vasquez, 949 F.2d 1497, 1513-14 (9th Cir.1991), cert. denied, 112 S.Ct. 1275 (1992) ("Because [the petitioner] has no constitutional right to counsel in his earlier [federal] habeas proceedings, (cite omitted), no error by his habeas counsel could constitute a sixth amendment violation....).
 
 
 13
 Therefore, this Court concludes that Zessman cannot raise an ineffective assistance of counsel claim because he had no right to counsel on his collateral post-conviction 28 U.S.C. § 2254 petition.
 
 
 14
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 The Honorable Stephen V. Wilson, District Judge for the Central District of California, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3