5 F.3d 544
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Randy E. WEST, Petitioner-Appellant,
v.
Carl ZENON, Superintendent, Oregon State Correctional
Institution, Respondent-Appellant.
 No. 92-35341.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 1, 1993.*
Decided Sept. 15, 1993.
 
 Before: TANG, POOLE and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Randy E. West, an Oregon state prisoner, appeals the district court's denial of his 28 U.S.C. Sec. 2254 habeas corpus petition challenging his conviction for first degree murder. We affirm.
 
 
 3
 * West contends that he was denied due process by the prosecution's failure to preserve an axe handle that West contends was used by the victim to threaten him. If the axe handle had been preserved, West argues, it could have been tested for the victim's fingerprints and thus would have supported his defense that he killed the victim in self-defense. This contention fails.
 
 
 4
 The due process clause is violated by the prosecution's suppression of evidence favorable to a defendant when the defendant requests from the prosecution evidence that is material and exculpatory, "irrespective of the good faith or bad faith of the prosecution." United States v. Valenzuela-Bernal, 458 U.S. 858, 867-68 (1982); Brady v. Maryland, 373 U.S. 83, 87 (1963); Miller v. Vasquez, 868 F.2d 1116, 1119 (9th Cir.1989). Evidence is constitutionally material if it (1) "possess[es] an exculpatory value that was apparent before the evidence was destroyed," and (2) is 'of such a nature that the defendant would not be able to obtain comparable evidence by other reasonably available means." Miller, 868 F.2d at 1119 (quoting California v. Trombetta, 467 U.S. 479, 489 (1984)).
 
 
 5
 The state's failure to preserve or collect evidence that is only potentially useful is not a denial of due process unless the defendant shows bad faith on the part of the police and shows that the loss of evidence prejudiced the defendant's case. Arizona v. Youngblood, 488 U.S. 51, 58 (1988); Trombetta, 467 U.S. at 488-90; United States v. Dring, 930 F.2d 687, 693 (9th Cir.1991), cert. denied, 113 S.Ct. 110 (1992); Mitchell v. Goldsmith, 878 F.2d 319, 321 (9th Cir.1989). To establish prejudice, the defendant "must at least make a plausible showing that the [evidence] ... would have been material and favorable to his defense, in ways not cumulative to [other evidence]." Dring, 930 F.2d at 693-94 (quotation omitted). Thus, a "mere failure to preserve evidence which could have been subjected to tests which might have exonerated the defendant does not constitute a due process violation." Paradis v. Arave, 954 F.2d 1483, 1488 (9th Cir.1992) (citing Youngblood, 488 U.S. at 57), petition for cert. filed, 61 U.S.L.W. 3194 (Sept. 1, 1992).
 
 
 6
 Here, West contends that the axe was material, exculpatory evidence and that the state's failure to preserve it therefore violated due process irrespective of the prosecution's good or bad faith. We disagree. The axe handle at best was potentially exculpatory evidence.
 
 
 7
 West does not assert the alternative argument that the prosecution acted in bad faith. In any event, the state court found that "[p]etitioner has shown no facts to indicate that the State wilfully circumvented its duty to preserve evidence." This finding regarding the state's lack of bad faith is entitled to a presumption of correctness under 28 U.S.C. Sec. 2254(d), which has not been overcome in any of the ways listed in section 2254(d)(1-8). See Tinsley v. Borg, 895 F.2d 520, 525 (9th Cir.1990) (discussing ways to overcome section 2254(d)'s presumption), cert. denied, 111 S.Ct. 974 (1991).[1] Accordingly, we affirm the district court's denial of West's petition as to this claim.
 
 II
 
 8
 West contends that he was denied due process by the trial court's denial of his motion to compel disclosure of the prosecutor's grand jury notes, which were not discoverable under state law. See Or.Rev.Stat. Sec. 135.855.1. West argues that without the notes, he was unable to impeach prosecution witnesses effectively. He also argues that denial of access to the notes was unfair because the prosecutor was an "unsworn witness" when he intimated at trial that a defense witness testified differently before the grand jury. This argument fails.
 
 
 9
 A state court's procedural or evidentiary ruling is not subject to federal habeas review unless the ruling violates federal law, either by infringing upon a specific federal constitutional or statutory provision or by depriving the defendant of the fundamentally fair trial guaranteed by due process. Pulley v. Harris, 465 U.S. 37, 41 (1984); Jammal v. Van de Kamp, 926 F.2d 918, 919-20 (9th Cir.1991).
 
 
 10
 Denial of access to the notes did not violate due process. West objected when the prosecutor attempted to impeach the defense witness with grand jury testimony. The prosecutor offered to supply his notes after he completed his cross-examination. The trial judge ruled that the prosecutor could cross-examine the witness regarding prior inconsistent statements made to a detective which also were the subject of grand jury testimony but could not impeach based on grand jury testimony unless a grand juror were available to testify. This restriction is reasonable. Moreover, the prosecutor did not impeach from the notes, and defense counsel did not request the notes after the prosector completed his cross-examination. These circumstances do not constitute a denial of the fair trial guaranteed by due process. See Jammal, 926 F.2d at 919-20.
 
 III
 
 11
 West contends that he was denied the effective assistance of counsel by his trial counsel's failure to adequately cross-examine Lyle Evans, the prosecution's key eyewitness. Evans testified about the incident, and defense counsel cross-examined him and attempted to show bias. Winborne then testified that Evans told him that if West had missed the victim, he would have hit Evans. This contradicted Evans's testimony about where he was standing. Defense counsel sought to introduce Evans's hearsay statement to Winborne as an excited utterance, but the trial judge excluded the testimony. West asserts that his counsel should have cross-examined Evans about his prior inconsistent statement rather than trying to introduce it through Winborne's testimony. Impeachment of Evans was important, West argues, because Evans's testimony contradicted West's and "another witness's" testimony-regarding the threat with the axe handle and "racial intimidation" (presumably by the victim), which formed the basis for West's defense of self-defense.
 
 
 12
 As the district court observed, West's attorney might have had legitimate, tactical reasons for not cross-examining Evans about his alleged prior inconsistent statement and attempting instead to introduce the statement through Winborne's testimony. In any event, counsel's conduct falls within the "wide range of reasonable professional assistance" and is not a basis for habeas relief. See Strickland v. Washington, 466 U.S. 668, 689 (1984).
 
 
 13
 West also contends that he was denied the effective assistance of counsel by his appellate counsel's failure to appeal the trial court's denial of West's motions to compel disclosure of the grand jury notes and to suppress inculpatory statements.
 
 
 14
 First, counsel did not err by failing to contest the denial of a pretrial motion seeking discovery of grand jury notes not discoverable under state law. In any event, the notes were not used by the prosecutor, and West suffered no prejudice. Second, West's only challenge to his counsel's failure to appeal the suppression motion is that the motion must have been nonfrivolous because the suppression hearing was lengthy. He argues that a competent attorney would have appealed the trial court's denial of any nonfrivolous motion and that his counsel's failure to appeal the motion means that his counsel was incompetent. This argument lacks merit. Appellate counsel has no obligation to raise every nonfrivolous issue on appeal. Jones v. Barnes, 463 U.S. 745, 750-51 (1983). Counsel may have legitimate tactical reasons for raising only the most promising issues on appeal. Id. at 751-53. Moreover, West has not shown prejudice, and thus his claim fails under Strickland. See 466 U.S. at 687.
 
 
 15
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 In Chaney v. Lewis, this court held that the state's failure to preserve exculpatory evidence is a mixed question of law and fact reviewed de novo. 801 F.2d 1191, 1193-95 (9th Cir.1986) (listed all claims, including failure to preserve exculpatory evidence; addressed those that were legal or purely factual; remanded "remainder" to district court for reconsideration because they were mixed questions of law and fact to which section 2254(d)'s presumption did not apply;), cert. denied, 481 U.S. 1023 (1987). Although whether the state's failure to preserve material exculpatory evidence violated due process is a mixed question of law and fact reviewed de novo, the state's good or bad faith is a factual inquiry, and section 2254(d)'s presumption of correctness applies. Cf. Patton v. Yount, 467 U.S. 1025, 1031 (1984) (trial court's findings regarding juror bias are given a presumption of correctness); Chaussard v. Fulcomer, 816 F.2d 925, 931 (3rd Cir.) (state court's findings on materiality accorded a presumption of correctness), cert. denied, 484 U.S. 845 (1987)