53 F.3d 338
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Robert Hatley McCRARY, Petitioner-Appellant,
v.
William DUNCAN, Warden, Respondent-Appellee.
 No. 94-16399.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 19, 1995.*
Decided April 28, 1995.
 
 Before: BROWNING, SNEED, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Robert Hatley McCrary, a California state prisoner, appeals pro se the district court's denial of his 28 U.S.C. Sec. 2254 habeas corpus petition challenging his conviction for first degree burglary and misdemeanor joy riding.[1] He contends the district court erred by finding that any error the state trial court made in denying his motion to substitute counsel was harmless. We have jurisdiction under 28 U.S.C. Sec. 2253. We review de novo a district court's denial of habeas relief. James v. Borg, 24 F.3d 20, 24 (9th Cir.), cert. denied, 115 S. Ct. 333 (1994). We vacate and remand.
 
 
 3
 * Background
 
 
 4
 On February 11, 1991, McCrary filed a habeas corpus petition in federal district court in which he raised six separate claims. The district court found that McCrary had procedurally defaulted on his motion to substitute counsel claim because he failed to raise this issue in his petition to the California Supreme Court.
 
 
 5
 On appeal, this court found that McCrary had properly exhausted this claim and was not barred from federal review. Thus, in McCrary v. Estelle, 93-16991 (9th Cir. Mar. 30, 1994), we reversed the district court's dismissal and remanded with instructions to consider McCrary's substitute counsel claim on the merits.
 
 
 6
 On remand from this court, the district court did not determine whether the trial court erred by denying McCrary's motion to substitute counsel. Rather, the district court assumed arguendo that the trial court did err, but found that such error was harmless.[2] The district court denied the petition on July 25, 1994.
 
 II
 Discussion
 
 7
 The district court properly reviews a refusal to substitute counsel for abuse of discretion. Bland v. California Dep't of Corrections, 20 F.3d 1469, 1475 (9th Cir.), cert. denied, 115 S. Ct. 357 (1994). The court conducts a three-step analysis in which it considers: (1) the timeliness of the motion; (2) the adequacy of the court's inquiry into the defendant's complaint; and (3) whether the conflict between the defendant and the attorney was so great that it resulted in a total lack of communication preventing an adequate defense. Id.
 
 
 8
 In reviewing habeas cases, harmless error analysis is appropriate only for trial errors, not for structural defects. Brecht v. Abrahamson, 113 S. Ct. 1710, 1722 (1993). Deprivation of counsel is a structural defect which is not subject to harmless error review. Id. We have held that denial of a defendant's right to substitute counsel is a structural defect which is not subject to harmless error analysis. Bland, 20 F.3d at 1478.
 
 
 9
 Here, the district court improperly applied harmless error analysis in finding that the trial court's denial of McCrary's motion to substitute counsel was harmless. See Bland, 20 F.3d at 1478; see also Brecht, 113 S. Ct. at 1722. Accordingly, we vacate the district court order and remand with instructions for the district court to determine whether the trial court erred by denying McCrary's motion to substitute counsel. The district court may either conduct an evidentiary hearing, see Lincoln v. Sunn, 807 F.2d 805, 808-809 (9th Cir. 1987), or order and review the missing portions of the trial court record sua sponte. See Chaney v. Lewis, 801 F.2d 1191, 1194 (9th Cir. 1986), cert. denied, 481 U.S. 1023 (1987).
 
 
 10
 VACATED AND REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a); 9th Cir. R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 McCrary was sentenced to a total of fourteen years imprisonment, including two consecutive five-year enhancements for prior felony convictions
 
 
 [2]
 The district court stated that it could not fulfill its duty to independently review the full state court record because it was not provided with the transcript of the January 17, 1989 hearing of McCrary's motion to substitute counsel. Both parties deny that they are in possession of the transcript. The court noted that in the absence of the relevant portion of the record, the court could either hold an evidentiary hearing, or assume arguendo that the state court did err, but deny the motion because the error was harmless. The district court chose the latter option