103 F.3d 139
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Floyd William MARR, Petitioner-Appellant,
v.
Robert WRIGHT, Superintendent, Clallam Bay Correctional
Facility, Respondent-Appellee.
 No. 96-25980.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 2, 1996.*
Decided Dec. 05, 1996.
 
 Before: SNEED, TROTT, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Washington state prisoner Floyd William Marr appeals pro se the district court's denial of his 28 U.S.C. § 2254 petition. Marr contends that: 1) he was sentenced in violation of the Ex Post Facto clause; 2) he was unconstitutionally penalized for electing to go to trial; 3) hearsay statements admitted at his trial violated his confrontation rights; and 4) his counsel was ineffective in the district court habeas proceedings.[1] We review de novo a district court's decision on a § 2254 petition. Duckett v. Godinez, 67 F.3d 734, 739 (9th Cir.1995), cert. denied, 116 S.Ct. 1549 (1996). We have jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm.
 
 
 3
 Marr's ex post facto claim is foreclosed by our decision in Powell v. Ducharme, 998 F.2d 710, 714-15 (9th Cir.1993). The fact that the trial court, and not the Indeterminate Sentence Review Board ("Board") set his minimum term of confinement does not change our analysis, because the Board retains full discretion to redetermine the minimum term of confinement. See Wash.Rev.Code § 9.95.052 (1988); see also Powell, 998 F.2d at 715.
 
 
 4
 Although the State and Marr disagree whether Marr has exhausted or procedurally defaulted his claim that he was penalized for proceeding to trial, we find it unnecessary to resolve this issue because the claim is frivolous. See Clark v. Ricketts, 958 F.2d 851, 856-57 (9th Cir.1991). The essence of his claim is that he was penalized for choosing to proceed to trial because he would have been better off had he pled guilty and been sentenced to a life sentence under the law that existed at the time of his trial, rather than proceeding to trial and being resentenced to life under new parole and sentencing laws. See Robtoy v. Kincheloe, 871 F.2d 1478, 1480-81 (9th Cir.1989). Marr fails to show that he was penalized for his choice, however, because he would have been subject to the new law even if he pled guilty. See Wash.Rev.Code § 9.95.116 (Supp.1996); see also Powell, 998 F.2d at 712.
 
 
 5
 Three witnesses testified at Marr's trial concerning statements made by Douglas Justice, Marr's codefendant, who did not testify. The statements implicated Marr in the murder and therefore were admitted in violation of Bruton v. United States, 391 U.S. 123, 135-36 (1968).
 
 
 6
 We review the constitutional violation to determine whether it " 'had a substantial and injurious effect or influence in determining the jury's verdict.' " Brecht v. Abrahamson, 507 U.S. 619, 622 (1993) (quoting Kotteakos v. United States, 328 U.S. 750, 776 (1946)); see Hardnett v. Marshall, 25 F.3d 875, 878-81 (9th Cir.1994). We find no such prejudice. The inadmissible statements were brief, in context of the entire trial, and their description of Marr's role in the murder were vague and unadorned. In contrast, Marr confessed specific details of the murder to Tim Henning.[2] Marr was also present while Justice confessed his and Marr's role in the murder to Henning. Ample evidence established that Marr planned to rob the victim and her husband while they were home and he discussed the possibility that someone might be killed. Marr testified at trial, and he admitted planning the burglary, entering the victim's house, and stealing items from the house. He denied being present when anyone was killed. Many details of his testimony can only be described as unbelievable.
 
 
 7
 Given the overwhelming evidence of Marr's guilt and the fact that the inadmissible statements were cumulative, we cannot say that the Bruton error had an substantial and injurious effect on the jury's verdict. See Brown v. United States, 411 U.S. 223, 231 (1973); Harrington v. California, 395 U.S. 250, 254 (1969); Hardnett, 25 F.3d at 881.
 
 
 8
 Finally, Marr's contention that his counsel was ineffective in presenting his habeas claims in the district court fail because he had no right to counsel in the district court. See Pennsylvania v. Finley, 481 U.S. 551, 555 (1987); Chaney v. Lewis, 801 F.2d 1191, 1196 (9th Cir.1986).
 
 
 9
 AFFIRMED.
 
 
 
 *
 Because we unanimously find this case suitable for decision without oral argument, we deny Marr's request for oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. We affirm the denial of relief under the former version of 28 U.S.C. § 2254 and therefore do not consider whether the Antiterrorism and Effective Death Penalty Act of 1996 applies to this appeal
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Marr was represented by counsel in the district court
 
 
 [2]
 Henning was an uncharged codefendant who was granted immunity in exchange for his testimony