NOT FOR PUBLICATION

FILED

AUG 04 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JACOB RAMIE PRATT,

Petitioner-Appellant,

v.

TIMOTHY FILSON and NEVADA
ATTORNEY GENERAL,

Respondents-Appellees.

No.    16-15505

D.C. No.
3:15-cv-00279-MMD-VPC

MEMORANDUM*

Appeal from the United States District Court
for the District of Nevada
Miranda M. Du, District Judge, Presiding

Argued and Submitted May 9, 2017
Pasadena, California

Before:  WALLACE, CHRISTEN, and WATFORD, Circuit Judges.

Pratt appeals from the district court's judgment dismissing his habeas corpus petition as untimely. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

_____

*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

We review de novo a district court's dismissal of a habeas corpus petition under 28 U.S.C. § 2254 as untimely. *Porter v. Ollison*, 620 F.3d 952, 958 (9th Cir. 2010). Our court has not yet decided whether we review actual innocence gateway claims de novo or for abuse of discretion. *Stewart v. Cate*, 757 F.3d 929, 938–39 (9th Cir. 2014). We need not answer that question here because Pratt has not made out his claim under either standard.

It is undisputed that Pratt filed this action outside the one-year statute of limitations set by 28 U.S.C. § 2244(d)(1). Nonetheless, he argues that he qualifies for the actual innocence gateway exception to the limitations period. *See McQuiggin v. Perkins*, — U.S. —, 133 S. Ct. 1924, 1928 (2013). To make out an actual innocence gateway claim, Pratt must present new evidence and "show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *Id.* at 1935, *quoting Schlup v. Delo*, 513 U.S. 298, 327 (1995).

The parties disagree on what qualifies as "new evidence" for purposes of an actual innocence gateway claim. The root of this disagreement is the Supreme Court's fragmented decision on the issue in *Schlup*. Although five justices joined Justice Stevens's opinion for the Court, Justice O'Connor, who joined the opinion, also wrote a separate concurrence "to explain . . . what [she] underst[ood] the

Court to decide and what it d[id] not." 513 U.S. at 332. As relevant to this appeal, Justice O'Connor's concurrence differed from Justice Stevens's opinion as to the type of new evidence of innocence a petitioner must present to qualify for the actual innocence gateway exception: while the plurality would require "newly *presented* evidence," *see id.* (emphasis added), Justice O'Connor understood the Court's holding to extend only to "newly *discovered* evidence," *id.* (emphasis added). *Schlup* therefore lacked a majority on this point, creating a "fragmented" decision. *See Marks v. United States*, 430 U.S. 188, 193 (1977).

We previously have held that "actual innocence claims require only 'newly presented' evidence," thus embracing the *Schlup* plurality's standard. *Griffin v. Johnson*, 350 F.3d 956, 962 (9th Cir. 2003). Recently, however, we re-examined our method for interpreting fragmented Supreme Court decisions and adopted a reasoning-based approach that looks to whether "one opinion is a logical subset of other, broader opinions." *United States v. Davis*, 825 F.3d 1014, 1020–21 (9th Cir. 2016) (en banc), *quoting King v. Palmer*, 950 F.2d 771, 781 (D.C. Cir. 1991) (en banc). The Nevada Attorney General argues that, under this test, it is Justice O'Connor's concurrence that determines what new evidence a petitioner must produce to invoke the actual innocence gateway exception.

3

This question of whether *Davis* displaced *Griffin* is one that our court will need to address, but not today. Even if we were to assume, without deciding, that the *Schlup* plurality's newly presented evidence standard applies to actual innocence gateway claims, the evidence that Pratt has produced is not nearly sufficient to carry his burden.

With respect to Pratt's first-degree kidnapping conviction, he has produced no new evidence whatsoever. He merely argues that he is not guilty because the facts of the crime, which he admitted, do not support a finding that he kidnapped the victim for the purpose of committing a robbery as the statute requires. *See* Nev. Rev. Stat. § 200.310(1). This is a legal argument, not evidence. The actual innocence gateway is therefore closed to Pratt on this conviction.

Regarding the attempted murder conviction, Pratt offers only his own testimony that he did not intend to kill the victim, and that he did not push her as she said he did at sentencing. Assuming that Pratt would testify at trial, his testimony would, at most, create a credibility dispute. A reasonable juror easily could believe the victim's account over Pratt's, especially considering that Pratt does not dispute that he (1) actively participated in robbing the victim, (2) kept her in the backseat at knife point (after she had already been stabbed in the neck) as his co-defendant drove the victim's cab around the area while the two debated whether

to kill her, and (3) forced her to climb out onto a tree overhanging the Truckee River on threat of death, all while he was on "a 17-day drug runner."

Pratt's assertion that the state's presentence report (PSR) supports his proffered testimony is exaggerated. The PSR was not included in the record before the district court, but it would not change our decision even if we considered it. According to the PSR, Pratt led the victim to a bridge where he made her climb down to the tree "or he would kill her." The victim then fell when the branch she grabbed broke. Although this report may be consistent with Pratt's account that he wanted to allow the victim to climb to safety and still be able to tell his co-defendant that he killed her, it also is consistent with an intent that the victim plummet to her death from the tree (especially in light of Pratt's threat to kill her if she did not climb onto it). The PSR therefore does not enhance the credibility of Pratt's account.

Pratt's testimony would challenge the victim's account of events, but we disagree that "it is more likely than not that no reasonable juror would have convicted him in the light of" that testimony. *McQuiggin*, 133 S. Ct. at 1935, *quoting Schlup*, 513 U.S. at 327. Indeed, if a habeas petitioner's own testimony disputing that he committed the crime were enough to satisfy the actual innocence gateway's "exacting" standard, that gateway would be open in nearly every case,

not "only in the 'extraordinary' case." *Lee v. Lampert*, 653 F.3d 929, 938 (9th Cir. 2011) (en banc), *quoting House v. Bell*, 547 U.S. 518, 538 (2006).

Accordingly, the district court correctly held that Pratt did not qualify for the actual innocence gateway exception for either of his convictions and dismissed his habeas petition as untimely. To the extent Pratt challenges the district court's denial of his motion for appointment of counsel, the district court did not abuse its discretion because Pratt has not shown that "the circumstances of [his] particular case indicate that appointed counsel is necessary to prevent due process violations." *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986).

**AFFIRMED.**